IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| TIVO INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:09-cv-259 |
| | ) |
| AT&T INC., | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**
**AND JURY DEMAND**

Plaintiff TiVo Inc. ("Plaintiff" or "TiVo") hereby pleads the following claims for patent infringement against Defendant AT&T Inc. ("AT&T" or "Defendant"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et seq., including § 271. This Court has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has done business in this District, has committed and continues to commit acts of patent infringement in this District, and has harmed and continues to harm Plaintiff TiVo in this District, by, among other things, using, selling and offering for sale infringing products in this District. Moreover, on information and belief, the Defendant has placed infringing products

into the stream of commerce by shipping those products into this District or knowing that the products would be shipped into this District.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b)-(c) because, among other reasons, Defendant is subject to personal jurisdiction in this District and has committed acts of infringement in this District. On information and belief, Defendant has sold and distributed infringing products in this District.

## PARTIES

4. Plaintiff TiVo, a pioneer in home entertainment, created the first commercially viable digital video recorder ("DVR"). TiVo owns patents to protect its innovative ideas that revolutionize the way consumers access home entertainment. TiVo is a Delaware corporation with a principal place of business in Alviso, California.

5. Defendant AT&T provides television and DVR services through its U-verse service in many cities and communities. On information and belief, U-verse network deployment reached 17 million living units as of year-end 2008, and AT&T is marketing the U-verse service to almost 65 percent of those units. On information and belief, AT&T provides the U-verse service in over 16 states to over a million customers, including customers in the Eastern District of Texas. For example, on information and belief, AT&T provides the U-verse service to customers in Allen, Frisco, Lebanon, The Colony, and Plano. AT&T provides infringing products and services to customers in these cities and communities. AT&T is a Delaware corporation with a principal place of business in Dallas, Texas.

## FIRST CLAIM FOR RELIEF FOR PATENT INFRINGEMENT
### (U.S. Patent No. 6,233,389)

6. Plaintiff incorporates by reference paragraphs 1 through 5 as if set forth here in full.

7. Plaintiff is the owner of the entire right, title and interest in and to U.S. Patent No. 6,233,389 ("the '389 patent"), entitled "Multimedia time warping system," which was duly issued on May 15, 2001. A copy of the '389 patent is attached as Exhibit A hereto.

8. On information and belief, Defendant has infringed and is currently infringing the '389 patent, in violation of 35 U.S.C. § 271, by, among other things, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '389 patent including without limitation AT&T's U-verse product and/or service.

9. On information and belief, Defendant induced and is actively inducing the infringement of the '389 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '389 patent including without limitation AT&T's U-verse product and/or service.

10. On information and belief, Defendant has contributorily infringed and is currently contributorily infringing the '389 patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products which constitute a material part of the '389 patent, knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '389 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

11. On information and belief, Defendant has infringed and is currently infringing the '389 patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '389 patent including without limitation AT&T's U-verse product and/or service.

12. On information and belief, Defendant's infringement of the '389 patent has been and continues to be willful and deliberate.

13. Unless enjoined, Defendant will continue to infringe the '389 patent, and Plaintiff will suffer irreparable injury as a direct and proximate result of Defendant's conduct.

14. Plaintiff has been damaged by Defendant's conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF FOR PATENT INFRINGEMENT
### (U.S. Patent No. 7,493,015)

15. Plaintiff incorporates by reference paragraphs 1 through 5 as if set forth here in full.

16. Plaintiff is the owner of the entire right, title and interest in and to U.S. Patent No. 7,493,015 ("the '015 patent"), entitled "Automatic playback overshoot correction system," which was duly issued on February 17, 2009.  A copy of the '015 patent is attached as Exhibit B hereto.

17. On information and belief, Defendant has infringed and is currently infringing the '015 patent, in violation of 35 U.S.C. § 271, by, among other things, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '015 patent including without limitation AT&T's U-verse product and/or service.

18. On information and belief, Defendant induced and is actively inducing the infringement of the '015 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '015 patent including without limitation AT&T's U-verse product and/or service.

19. On information and belief, Defendant has contributorily infringed and is currently contributorily infringing the '015 patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products which constitute a material part of the '015 patent, knowing that such products and/or components are

especially made or especially adapted for use in the infringement of the '015 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

20.   On information and belief, Defendant has infringed and is currently infringing the '015 patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '015 patent including without limitation AT&T's U-verse product and/or service.

21.   On information and belief, Defendant's infringement of the '015 patent has been and continues to be willful and deliberate.

22.   Unless enjoined, Defendant will continue to infringe the '015 patent, and Plaintiff will suffer irreparable injury as a direct and proximate result of Defendant's conduct.

23.   Plaintiff has been damaged by Defendant's conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

## THIRD CLAIM FOR RELIEF FOR PATENT INFRINGEMENT
### (U.S. Patent No. 7,529,465)

24.   Plaintiff incorporates by reference paragraphs 1 through 5 as if set forth here in full.

25.   Plaintiff is the owner of the entire right, title and interest in and to U.S. Patent No. 7,529,465 ("the '465 patent"), entitled "System for time shifting multimedia content streams," which was duly issued on May 5, 2009.  A copy of the '465 patent is attached as Exhibit C hereto.

26.   On information and belief, Defendant has infringed and is currently infringing the '465 patent, in violation of 35 U.S.C. § 271, by, among other things, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '465 patent including without limitation AT&T's U-verse product and/or service.

27. On information and belief, Defendant induced and is actively inducing the infringement of the '465 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '465 patent including without limitation AT&T's U-verse product and/or service.

28. On information and belief, Defendant has contributorily infringed and is currently contributorily infringing the '465 patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products which constitute a material part of the '465 patent, knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '465 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

29. On information and belief, Defendant has infringed and is currently infringing the '465 patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '465 patent including without limitation AT&T's U-verse product and/or service.

30. On information and belief, Defendant's infringement of the '465 patent has been and continues to be willful and deliberate.

31. Unless enjoined, Defendant will continue to infringe the '465 patent, and Plaintiff will suffer irreparable injury as a direct and proximate result of Defendant's conduct.

32. Plaintiff has been damaged by Defendant's conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A. That U.S. Patent Nos. 6,233,389; 7,493,015; and 7,529,465 (collectively, the "Patents-In-Suit") are valid and enforceable;

B. That Defendant has directly infringed the Patents-In-Suit;

C. That Defendant has induced the infringement of the Patents-In-Suit;

D. That Defendant has contributorily infringed the Patents-In-Suit;

E. That Defendant and any of their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, be enjoined from infringing, inducing others to infringe or contributing to the infringement of the Patents-In-Suit;

F. That Defendant and any of their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, deliver to Plaintiff all products that infringe the Patents-In-Suit for destruction at Plaintiff's option;

G. That Defendant be ordered to pay compensatory damages to Plaintiff, together with interest;

H. That Defendant be ordered to provide an accounting;

I. That Defendant be ordered to pay supplemental damages to Plaintiff, including without limitation interest;

J. That the infringement by Defendant be adjudged willful and that the damages be increased under 35 U.S.C. § 284 to three times the amount found or measured;

K. That this be adjudged an exceptional case and that Plaintiff be awarded their attorneys' fees, costs, and expenses in this action; and

L.	That Plaintiff be awarded such other and further relief as the Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues.

Dated:  August 26, 2009                    Respectfully submitted,


By: */s/ Robert M. Parker*
     Robert M. Parker

PARKER, BUNT & AINSWORTH, P.C.
Robert M. Parker
State Bar No. 15498000
rmparker@pbatyler.com
Robert Christopher Bunt
Sate Bar No.  00787165
rcbunt@pbatyler.com
Charles Ainsworth
State Bar No. 00783521
charley@pbatyle.com
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone:	(903) 531-3535
Facsimile:	(903) 533-9687

IRELL & MANELLA LLP
Morgan Chu
Perry Goldberg
Andrei Iancu
Alexander C.D. Giza
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:	(310) 277-1010
Facsimile:	(310) 203-7199
Attorneys for Plaintiff TiVo Inc.