IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC., § | | |
| § | | |
| Plaintiff; § | Case No. 2:09-CV-259-TJW | |
| § | | |
| vs. § | | |
| § | | |
| AT&T INC., § | JURY TRIAL DEMANDED | |
| § | | |
| Defendant. § | | |

**AT&T INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND JURY DEMAND**

Defendant AT&T Inc. hereby files this Answer to the Complaint for Patent Infringement and Jury Demand ("Complaint") filed by Plaintiff TiVo Inc. AT&T Inc. states as follows:

**ANSWER**

1. AT&T Inc. admits that TiVo Inc.'s present action purports to arise under the patent laws of the United States under 35 U.S.C. §§ 1, et seq. AT&T Inc. admits that this Court has subject matter jurisdiction over such actions pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. AT&T Inc. denies the allegations of Paragraph 2 of the Complaint.

3. AT&T Inc. denies the allegations of Paragraph 3 of the Complaint.

4. AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 4 of the Complaint.

5. AT&T Inc. admits that it is a Delaware corporation with a principal place of business in Dallas, Texas. AT&T Inc. denies all remaining allegations of Paragraph 5 of the Complaint.

6. AT&T Inc. incorporates by reference its responses to Paragraphs 1-5 of the Complaint.

7. AT&T Inc. admits that the face of U.S. Patent No. 6,233,389 ("the '389 patent") indicates that the '389 patent issued on May 15, 2001 and has the title "Multimedia Time Warping System." AT&T Inc. also admits that a copy of the patent was attached to the Complaint as Exhibit A. AT&T Inc. denies that the '389 patent was duly and legally issued. AT&T Inc. is without sufficient knowledge or information either to admit or deny the remainder of the allegations of Paragraph 7 of the Complaint.

8. AT&T Inc. denies the allegations of Paragraph 8 of the Complaint.

9. AT&T Inc. denies the allegations of Paragraph 9 of the Complaint.

10. AT&T Inc. denies the allegations of Paragraph 10 of the Complaint.

11. AT&T Inc. denies the allegations of Paragraph 11 of the Complaint.

12. AT&T Inc. denies the allegations of Paragraph 12 of the Complaint.

13. AT&T Inc. denies the allegations of Paragraph 13 of the Complaint.

14. AT&T Inc. denies the allegations of Paragraph 14 of the Complaint.

15. AT&T Inc. incorporates by reference its responses to Paragraphs 1-5 of the Complaint.

16. AT&T Inc. admits that the face of U.S. Patent No. 7,493,015 ("the '015 patent") indicates that the '015 patent issued on February 17, 2009 and has the title "Automatic Playback Overshoot Correction System." AT&T Inc. also admits that a copy of the patent was attached to the Complaint as Exhibit B. AT&T Inc. denies that the '015 patent was duly and legally issued. AT&T Inc. is without sufficient knowledge or information either to admit or deny the remainder of the allegations of Paragraph 16 of the Complaint.

17. AT&T Inc. denies the allegations of Paragraph 17 of the Complaint.

18. AT&T Inc. denies the allegations of Paragraph 18 of the Complaint.

19. AT&T Inc. denies the allegations of Paragraph 19 of the Complaint.

20. AT&T Inc. denies the allegations of Paragraph 20 of the Complaint.

21. AT&T Inc. denies the allegations of Paragraph 21 of the Complaint.

22. AT&T Inc. denies the allegations of Paragraph 22 of the Complaint.

23. AT&T Inc. denies the allegations of Paragraph 23 of the Complaint.

24. AT&T Inc. incorporates by reference its responses to Paragraphs 1-5 of the Complaint.

25. AT&T Inc. admits that the face of U.S. Patent No. 7,529,465 ("the '465 patent") indicates that the '465 patent issued on May 5, 2009 and has the title "System for Time Shifting Multimedia Content Streams." AT&T Inc. also admits that a copy of the patent was attached to the Complaint as Exhibit C. AT&T Inc. denies that the '465 patent was duly and legally issued. AT&T Inc. is without sufficient knowledge or information either to admit or deny the remainder of the allegations of Paragraph 25 of the Complaint.

26. AT&T Inc. denies the allegations of Paragraph 26 of the Complaint.

27. AT&T Inc. denies the allegations of Paragraph 27 of the Complaint.

28. AT&T Inc. denies the allegations of Paragraph 28 of the Complaint.

29. AT&T Inc. denies the allegations of Paragraph 29 of the Complaint.

30. AT&T Inc. denies the allegations of Paragraph 30 of the Complaint.

31. AT&T Inc. denies the allegations of Paragraph 31 of the Complaint.

32. AT&T Inc. denies the allegations of Paragraph 32 of the Complaint.

33. With respect to the Demand for Jury Trial, AT&T Inc. admits that TiVo Inc. demands a trial by jury on all issues. AT&T Inc. denies any and all allegations in the remainder of the Complaint, including any allegations in the Prayer for Relief (Paragraphs A-L). AT&T Inc. denies that TiVo Inc. is entitled to any relief in any form whatsoever from AT&T Inc. and specifically denies that TiVo Inc. is entitled to any of the relief requested in the Prayer for Relief (Paragraphs A-L) of the Complaint. AT&T Inc. further denies each and every allegation in the Complaint to which it has not specifically responded.

34. AT&T Inc. hereby demands a trial by jury on any issue so triable.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

35. Venue in this District and Division is improper under either 28 U.S.C. § 1400(b) or 28 U.S.C. § 1391(b). AT&T Inc. is a Delaware corporation with its principal place of business in Dallas, Texas. AT&T Inc. does not make, use, sell, offer to sell, or import any product or service in any state or jurisdiction, nor does it manufacture any product or provide any service in this District. AT&T Inc. is a holding company that has no employees, sales representatives, or distributors.

### SECOND DEFENSE

36. TiVo Inc. has failed to state a claim upon which relief can be granted.

### THIRD DEFENSE

37. AT&T Inc. has not directly or indirectly infringed, either literally or under the doctrine of equivalents, either individually or collectively, any claim of the '389, '015, or '465 patents.

## FOURTH DEFENSE

38. One or more claims of the '389, '015, and '465 patents is invalid, *inter alia*, as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103.

## FIFTH DEFENSE

39. One or more claims of the '389, '015, or '465 patents is invalid, *inter alia*, because the specification does not comply with 335 U.S.C. § 112, first paragraph, and because the claims do not comply with 35 U.S.C. § 112, second paragraph.

## SIXTH DEFENSE

40. On information and belief, TiVo Inc.'s claims are barred by the doctrine of prosecution history estoppel.

## SEVENTH DEFENSE

41. On information and belief, TiVo Inc.'s claims for injunctive relief are barred because TiVo Inc. has an adequate remedy at law.

Dated: October 21, 2009

Respectfully submitted,

By: */s/* Bryant C. Boren, Jr.
    BAKER BOTTS L.L.P.
    Bryant C. Boren, Jr.
    Lead Attorney
    State of Texas Bar No. 02664100
    Kevin E. Cadwell
    State of Texas Bar No. 24036304
    620 Hansen Way
    Palo Alto, CA 94304
    Telephone: 650.739.7500
    Facsimile: 650.739.7699
    bryant.c.boren@bakerbotts.com
    kevin.cadwell@bakerbotts.com

    BAKER BOTTS L.L.P.
    Roger Fulghum
    State of Texas Bar No. 00790724
    One Shell Plaza
    910 Louisiana
    Houston, Texas 77002
    Telephone: 713.229.1234
    Facsimile: 713.229.1522
    roger.fulghum@bakerbotts.com

    ATTORNEYS FOR DEFENDANT AT&T INC.

## **CERTIFICATE OF SERVICE**

I certify that on October 21, 2009 all counsel of record were served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

By: */s/* Bryant C. Boren, Jr.