IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TIVO INC., | § |
|     Plaintiff | § § § |
| v. | §    Case No.   2:09-CV—0259-TJW |
| AT&T INC., | § § |
|     Defendant, | § § |
| and | § |
| MICROSOFT CORPORATION, | § § |
|     Intervenor. | § § |

**MICROSOFT CORPORATION'S MOTION TO INTERVENE**

# Table of Contents

Table of Contents ............................................................................................................................. i

Table of Authorities ....................................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 2

    A.    This Case Is in the Initial Pleading Stage. ................................................................ 2

    B.    The Asserted Patents Relate to Digital Video Recorder and Playback Functions. .......... 3

    C.    Plaintiff's Claims Are Directed in Part at the Microsoft Software and Technology Provided to AT&T and Its Subscriber Base. ................................................................... 4

    D.    Microsoft Has a Direct and Substantial Protectible Interest in Defending Its Customer. ................................................................................................................. 4

ARGUMENT .................................................................................................................................. 4

I.    Microsoft Is Entitled To Intervene As A Matter Of Right Pursuant To Rule 24(a)(2). ......... 5

    A.    Microsoft's Motion To Intervene Is Timely. ................................................................ 5

    B.    Microsoft Has A Significant Interest in the Property and Transactions at Issue in this Lawsuit. ................................................................................................................ 7

        1.    Microsoft Has A Strong Interest In Protecting Its Software Implicated In This Action. ................................................................................................................. 7

        2.    Microsoft Has an Additional Direct, Substantial and Legally Protectable Interest in Ensuring that any Demanded Indemnification of Defendant Is Well-Founded. ..................................................................................................... 8

    C.    Microsoft's Ability To Protect Its Interests Will Be Impaired If It Cannot Intervene. ................................................................................................................... 9

    D.    The Defendant Cannot Adequately Represent Microsoft's Interests In Defending Against TiVo's Infringement Allegations. ................................................................. 9

II.    In The Alternative, Microsoft Should Be Permitted To Intervene Permissively. ................ 10

CONCLUSION ............................................................................................................................ 12

**Table of Authorities**

**Cases**                                                                                **Page**

*Arquest, Inc. v. Jewel Food Stores, Inc.*,
Nos. 02-C-1649, 99-C-2736, 2002 WL 1803746 (N.D. Ill. Aug. 6, 2002) ................................ 8

*Bush v. Viterna*,
740 F.2d 350 (5th Cir. 1984) ................................................................................................... 9

*Chandler & Price Co. v. Brandtjen & Kluge, Inc.*,
296 U.S. 53 (1935) ................................................................................................................... 7

*Codex Corp. v. Milgo Elec. Corp.*,
553 F.2d 735 (1st Cir. 1977) ................................................................................................... 9

*Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*,
Civ.A. Nos. B-87-00507-CA, B-88-00429-CA, 1989 WL 237732 (E.D. Tex. Feb. 14, 1989) ...................................................................................................................................... 10

*Edwards v. City of Houston*,
78 F.3d 983 (5th Cir. 1996) ................................................................................................ 5, 6

*Engineered Sports Prods v. Brunswick Corp.*,
362 F. Supp. 722 (D. Utah 1973) ............................................................................................ 8

*Fisherman's Harvest, Inc. v. United States*,
74 Fed. Cl. 681, 685 (2006) .................................................................................................... 8

*Heaton v. Monogram Credit Card Bank*,
297 F.3d 416 (5th Cir. 2002) ........................................................................................ 5, 9, 10

*Honeywell Int'l, Inc. v. Audiovox Commc'ns Corp.*,
No. 04-1337, 2005 WL 2465898 (D. Del. May 18, 2005) ...................................................... 8

*Int'l Bus.Machs. Corp. v. Conner Peripherals, Inc.*,
Nos. C-93-20117, C-93-20829, 1994 WL 706208 (N.D. Cal. Dec. 13, 1994) .................... 7, 8

*John Doe No. 1 v. Glickman*,
256 F.3d 371 (5th Cir. 2001) ................................................................................................ 5, 6

*Martin v. Travelers Indem. Co.*,
450 F.2d 542 (5th Cir. 1971) ................................................................................................... 8

*Mountain Top Condo. Ass'n. v. Dave Stabbert Master Builder, Inc.*,
72 F.3d 361 (3d Cir. 1995) ...................................................................................................... 6

*Nikon Corp. v. ASM Lithography B.V.*,
222 F.R.D. 647 (N.D. Cal. 2004) .......................................................................................... 10

*Ozee v. Am. Council on Gift Annuities, Inc.*, 110 F.3d 1082 (5th Cir. 1997)
*vacated and remanded*, 522 U.S. 1011, *proceedings after remand* 143 F.3d 937 (1998) .......... 7

**Page**

*Reid v. Gen. Motors Corp.*,
  240 F.R.D. 257 (E.D. Tex. 2006) ....................................................................................... 11

*Sierra Club v. Espy*,
  18 F.3d 1202 (5th Cir. 1994) .............................................................................................. 9

*Stallworth v. Monsanto Co.*,
  558 F.2d 257 (5th Cir. 1977) ...................................................................................... 10, 11

*Stewart-Warner Corp. v. Westinghouse Elec. Corp.*,
  325 F.2d 822 (2d Cir. 1963) ................................................................................................ 8

*Trbovich v. United Mine Workers*,
  404 U.S. 528 (1972) ............................................................................................................ 9

**Rules, Regulations and Statutes**

35 U.S.C. § 271 ............................................................................................................................. 4

Federal Rules of Civil Procedure, Rule 24 ........................................................................... passim

Federal Practice & Procedure § 1911 (2d ed. 1986) .................................................................. 11

Microsoft Corporation ("Microsoft") moves to intervene as a matter of right (under Rule 24(a)(2)) or, alternatively, by permission (under Rule 24(b)(2)). The motion should be granted because:

(1) Plaintiff's infringement claims appear to be based on Defendant's alleged use or distribution of Microsoft's Mediaroom software and technology to run on set-top boxes, giving Microsoft a direct and substantial stake in this litigation;

(2) Defendant's subsidiary is one of Microsoft's largest customers for the Mediaroom software, and Defendant has (i) requested Microsoft to intervene and address TiVo's allegations against the Mediaroom software and (ii) tendered a demand to Microsoft for indemnification;

(3) Microsoft's presence as a party in this action will promote judicial economy because it will facilitate discovery and accurate evidence presentation and enable the resolution of all issues relating to the Microsoft software and the asserted patents in one proceeding, thereby eliminating the prospect for multiple lawsuits; and

(4) The litigation is in its early stages, and the existing parties will not be prejudiced by Microsoft's entry into the case.

## PRELIMINARY STATEMENT

Microsoft seeks to intervene in this action because Plaintiff TiVo Inc. ("Plaintiff") has targeted the alleged use and distribution of Microsoft technology and software by Defendant AT&T Inc. Plaintiff alleges that "U-verse products and/or service" infringe three U.S. patents related to digital video recording and playback features. U-verse is a subscription television service offered by subsidiaries of AT&T Inc., and Microsoft's Mediaroom software runs on set top boxes used in the U-verse service. In addition to money damages, Plaintiff seeks injunctive relief against the "U-verse products and/or service." Given the use of Mediaroom in U-verse equipment, the injunctive relief, if granted, would directly and significantly injure Microsoft's

interests.

Microsoft also seeks to intervene because AT&T Inc. has demanded that Microsoft indemnify AT&T Inc. in this action. That demand has created potential exposure for Microsoft to the damages Plaintiff seeks to recover from AT&T Inc. for the alleged use of Microsoft software in connection with U-verse. Microsoft should be permitted to intervene and protect its own interests first-hand. Moreover, because Microsoft has customers other than AT&T Inc.'s subsidiaries that use Mediaroom, Microsoft should be permitted to eliminate in a single action the cloud of uncertainty that Plaintiff's infringement allegations have cast over Mediaroom software.

Microsoft's direct participation as a party in this action will benefit the Court and the parties in meaningful ways. Microsoft's unique knowledge of the design and functionality of its own technology and software will streamline and simplify the litigation. By participating in discovery and evidence presentation, Microsoft will be able to ensure that any decision on the merits about the patents and Mediaroom is based on complete and accurate information. Finally, Microsoft's participation will not prejudice the rights of any existing party because the litigation is still at an early stage. AT&T Inc.'s answer was only recently filed on October 21, 2009, and no scheduling conference has yet taken place.

Microsoft therefore requests leave to intervene as of right in this action under Rule 24(a)(2). Alternatively, the Court should permit Microsoft to permissively intervene pursuant to Rule 24(b)(2). In accordance with Rule 24(c), Microsoft's proposed Complaint in Intervention is being submitted concurrently with this motion.

## STATEMENT OF FACTS

### A.     This Case Is in the Initial Pleading Stage.

Plaintiff filed the Complaint against AT&T Inc. on August 26, 2009, alleging

infringement of U.S. Patent Nos. 6,233,389 ("the '389 patent"), 7,493,015 ("the '015 patent"), and 7,529,465 ("the '465 patent") (collectively, "the asserted patents"). [Dkt. 1]  AT&T Inc. filed its answer on October 21, 2009. [Dkt. 19]  The parties have not filed any other substantive papers, and the court has not yet set an initial scheduling conference.

> B.      The Asserted Patents Relate to Digital Video Recorder and Playback Functions.

The '389 patent claims priority to an application filed on June 30, 1998.  According to the patent's description,

> the [alleged] invention provides a multimedia storage and display system that allows the user to view a television broadcast program with the option of instantly reviewing previous scenes within the program.  The invention additionally provides the user with the ability to store selected television broadcast programs while simultaneously watching or reviewing another program and to view stored programs with at least the following functions: reverse, fast forward, play, pause, index, fast/slow reverse play, and fast/slow play.

[Dkt. 1, Compl. Ex. A, '389 patent col. 3:20-30)]

The '465 patent claims priority to the same date and original patent application and has the same written description and figures as the '389 patent (but the '465 patent includes different claims). [Dkt. 1, Compl. Ex. B, '465 patent]

The '015 patent claims priority to an application filed in March 2000.  The '015 patent relates generally to a method and apparatus for calculating an "overshoot correction" to assist an end user who is attempting to find a particular place in a recorded program by fast forwarding or rewinding. [Dkt. 1, Compl. Ex. C, '015 patent, Abstract]  According to the description of the alleged invention in the patent, "A system according to the invention automatically corrects for the difference between the user's expected stop position in the program material and the actual position where the media was stopped whenever the user terminates fast forwarding or reversing

the program material." [*Id*., '015 patent col. 4:12-15]

### C. Plaintiff's Claims Are Directed in Part at the Microsoft Software and Technology Provided to AT&T and Its Subscriber Base.

The U-verse service offered by subsidiaries of AT&T Inc. is a television subscription service that involves the use of a set-top box at a subscriber's home. Plaintiff alleges that the U-verse functions infringe the digital video recording and play-back functions claimed in the asserted patents under of 35 U.S.C. § 271. [*Id*., Compl. ¶¶ 7-32] Although Plaintiff has not yet submitted detailed contentions, the infringement claim appears to be directed in part to the Microsoft Mediaroom software that runs on the U-verse set-top boxes. [Barker Decl. ¶ 2]

### D. Microsoft Has a Direct and Substantial Protectible Interest in Defending Its Customer.

Since the filing of the Complaint, AT&T Inc. has contacted Microsoft and demanded that Microsoft indemnify AT&T Inc. against Plaintiff's claims in this case. [Quan Decl. ¶ 2] AT&T subsidiaries distribute Microsoft's Mediaroom software to run on set-top boxes for U-verse. Microsoft cannot decline to intervene and defend against Plaintiffs' infringement claims aimed at such software without risking damage to Microsoft's relationship with AT&T Inc. and its subsidiaries. In addition, Microsoft has other television and internet service provider customers. To the extent that Plaintiffs' infringement theories are directed at functionality provided by Mediaroom software, the claims in this case cast a potential cloud of uncertainty over Microsoft's relationships with other actual and potential customers.

### ARGUMENT[1]

Rule 24(a) of the Federal Rules of Civil Procedure governs intervention by right, while Rule 24(b) governs intervention by permission. Fifth Circuit law requires the rule to be

---

[1] If TiVo is willing to state on the record that it is not accusing and will not accuse the software used in the U-verse product and/or service, including any aspect of Microsoft Mediaroom, of infringing the TiVo patents, intervention by Microsoft would be unnecessary.

interpreted flexibly so that intervention is permitted where no one would be hurt and the greater interests of justice can be served. Heaton v. Monogram Credit Card Bank, 297 F.3d 416, 422 (5th Cir. 2002) (reversing denial of motion to intervene); John Doe No. 1 v. Glickman, 256 F.3d 371, 375 (5th Cir. 2001) (same).

I.     **Microsoft Is Entitled To Intervene As A Matter Of Right Pursuant To Rule 24(a)(2).**

Under Rule 24(a)(2), a movant must be permitted to intervene whenever four conditions are met: (1) the motion to intervene is timely; (2) the movant has an interest in the property or transaction that is the subject matter of the action; (3) the disposition of the action may as a practical matter impair or impede the movant's ability to protect the movant's interests; and (4) the existing parties do not adequately represent the movant's interests. See Fed. R. Civ. P. 24(a)(2); see also Heaton, 297 F.3d at 422; Glickman, 256 F.3d at 375. Each of those four factors "'must be measured by a practical rather than technical yardstick.'" Edwards v. City of Houston, 78 F.3d 983, 999 (5th Cir. 1996) (citations omitted).

A.     **Microsoft's Motion To Intervene Is Timely.**

Timeliness is determined from all the facts and circumstances, including the time from notice of the intervenor's interest to the filing of the motion, the extent of prejudice to existing parties from the timing of the motion, the extent of prejudice to the movant if leave to intervene were denied, and other special circumstances (if any exist and apply). Edwards, 78 F.3d at 1000; Heaton, 297 F.3d at 422-23. Given the facts and circumstances set out in the record, Microsoft's motion was timely filed.

The lawsuit was only recently commenced (at the end of August 2009). AT&T Inc. did not file its answer until October 2009. Thus, Microsoft's motion was reasonably filed near the initial period of the action. See Edwards, 78 F.3d at 1000-01 (citing Fifth Circuit intervention cases finding delays as long as five months or more to be reasonable).

The timing of Microsoft's motion to intervene has not prejudiced the existing parties. AT&T Inc. supports the motion. Plaintiff has no basis to claim prejudice because the proceedings are at an early stage and no scheduling conference or other significant events have transpired in the litigation. See Glickman, 256 F.3d at 375-76; Mountain Top Condo. Ass'n. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 370 (3d Cir. 1995) ("[T]he stage of the proceeding is inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved."). In that regard, the only question that matters is whether Plaintiff has suffered prejudice from the ***timing*** of the motion. Alleged prejudice from the actual intervention by Microsoft is ***irrelevant*** to the timing inquiry under Rule 24(a)(2). Edwards, 78 F.3d at 1002 ("This factor is concerned only with the prejudice caused by the applicants' delay, not that prejudice which may result if intervention is allowed."). Given that claims construction proceedings and trial events are months away, Plaintiff has no basis to claim prejudice from the timing of the motion.

In contrast, Microsoft would suffer substantial prejudice if leave to intervene were denied. Microsoft's software and technology are implicated by Plaintiff's infringement allegations. Microsoft is uniquely situated and best motivated to ensure that the facts regarding its software are fully developed and accurately presented in the case. Moreover, Plaintiff's infringement claims affect not only Microsoft's software but also Microsoft's relationships with AT&T and other actual and potential customers of that software. If Microsoft is not permitted to intervene now and exonerate its implicated software once and for all, a cloud of uncertainty and threatened litigation will continue to disrupt its business and its customer relationships. Those facts mandate in favor of concluding that the motion was timely.

Finally, no special factors render the motion untimely.

### B. Microsoft Has A Significant Interest in the Property and Transactions at Issue in this Lawsuit.

A party is entitled to intervene in an action when it has a "'direct, substantial, [and] legally protectable interest in the proceedings." Ozee v. Am. Council on Gift Annuities, Inc., 110 F.3d 1082, 1096 (5th Cir. 1997), vacated and remanded, 522 U.S. 1011, proceedings after remand 143 F.3d 937 (1998) (reversing order denying motion to intervene). Microsoft has such an interest in this action because it develops, licenses and provides the Mediaroom software that runs on set-top boxes provided to U-verse subscribers. Plaintiff alleges that the functionality of those products infringes the asserted patents. As the developer of the Mediaroom software, Microsoft has an interest in defending its own technology and in clarifying the intellectual property rights that apply to such technology. In addition, because Microsoft is facing an indemnity demand from AT&T Inc., Microsoft has a strong interest in ensuring that the merits of this action are fully and vigorously defended.

#### 1. Microsoft Has A Strong Interest In Protecting Its Software Implicated In This Action.

Plaintiff's infringement allegations against AT&T Inc. implicate Mediaroom software that Microsoft has developed and provided to AT&T Inc.'s subsidiaries. In similar situations, courts have routinely allowed intervention by the manufacturer. See, e.g., Int'l Bus. Machs. Corp. v. Conner Peripherals, Inc., Nos. C-93-20117, C-93-20829, 1994 WL 706208, at *5 (N.D. Cal. Dec. 13, 1994) ("To the extent [manufacturer] Adaptec's products are implicated by IBM's infringement claims, Adaptec has a direct interest in the subject matter of the action. Adaptec played an important role in manufacturing and designing the controllers that allegedly infringed IBM and Western Digital's products [sic]. . . . Adaptec, as the designer of the subject controllers should be able to present facts relevant to whether the controllers actually did infringe the IBM and Western Digital products [sic] before the court."); see also Chandler & Price Co. v.

Brandtjen & Kluge, Inc., 296 U.S. 53, 55 (1935) (manufacturer's intervention in a patent infringement action against its customers held "necessary for the protection of its interest"); Stewart-Warner Corp. v. Westinghouse Elec. Corp., 325 F.2d 822, 826 (2d Cir. 1963) ("[t]here is no doubt of the propriety of . . . intervention" by manufacturer and vendor of defendants' equipment accused of infringement). Here, Microsoft's interest is especially acute given TiVo's repeated assertion of the same patent against perceived competitors of TiVo, who may be potential future Microsoft Mediaroom customers.[2]

Furthermore, public policy favors involving a manufacturer, rather than its customers, in patent litigation concerning the manufacturer's technology. See Honeywell Int'l, Inc. v. Audiovox Commc'ns Corp., No. Civ.A. #04-1337, 2005 WL 2465898, at *3 (D. Del. May 18, 2005); Int'l Bus. Machs., 1994 WL 706208, at *5; Arquest, Inc. v. Tracy, Nos. 02-C-1649, 99-C-2736, 2002 WL 1803746, at *2 (N.D. Ill. Aug. 6, 2002); Engineered Sports Prods. v. Brunswick Corp., 362 F. Supp. 722, 729 (D. Utah 1973).

### 2. Microsoft Has an Additional Direct, Substantial and Legally Protectable Interest in Ensuring that any Demanded Indemnification of Defendant Is Well-Founded.

AT&T Inc. has tendered an indemnity demand to Microsoft. Microsoft's legal interest arising from these indemnification demands provides a separate and independently sufficient ground for intervention. See Fisherman's Harvest, Inc. v. United States, 74 Fed. Cl. 681, 685 (2006) (intervention proper where intervening party seeks to protect its interest under an indemnification agreement); accord Martin v. Travelers Indem. Co., 450 F.2d 542 (5th Cir. 1971) (driver of vehicle in a personal injury case, who was an employee of the vehicle owner and who claimed insured status under the owner's insurance contract, had interest sufficient for

---

[2] In addition to this action, TiVo has asserted one or more of the patents at issue against Verizon and against Echostar and Dish Network. See TiVo Inc. v. Dish Network Corp., et al., Civ. No. 2:04-CV-01 and TiVo Inc. v. Verizon, Civ. No. 2:09-cv-00257.

intervention under Rule 24(a)(2)).

    **C.**    **Microsoft's Ability To Protect Its Interests Will Be Impaired If It Cannot Intervene.**

Microsoft's ability to protect and defend its Mediaroom software will be compromised if it is prevented from participating as a party in this action. An adverse judgment of infringement based in any way on the functionality of Mediaroom software would adversely affect Microsoft in view of the demand for indemnification against any such judgment. Moreover, such an adverse decision would create a precedent that could be used in other circumstances or proceedings directed against Mediaroom software users. "The stare decisis effect of an adverse judgment constitutes a sufficient impairment to compel intervention." Heaton, 297 F.3d at 424. "[I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 738 (1st Cir. 1977). Microsoft will best be able to protect its interests, as well as conserve the resources of both the Court and the parties, if allowed to intervene.

    **D.**    **The Defendant Cannot Adequately Represent Microsoft's Interests In Defending Against TiVo's Infringement Allegations.**

Microsoft should be allowed to intervene for the additional reason that AT&T Inc. does not represent Microsoft and cannot reasonably be expected to protect Microsoft's interests as vigorously or as thoroughly as Microsoft will protect its own interests in the software it has developed. A movant satisfies the requirement of showing inadequate representation if it demonstrates that the defense of the case by the existing parties *may be* inadequate to protect its interests. Sierra Club v. Espy, 18 F.3d 1202, 1207 (5th Cir. 1994). The burden of making such a showing is minimal. See id. ("The applicant has the burden of demonstrating inadequate representation, but this burden is 'minimal.' The applicant need only show that representation

'may be' inadequate.") (quoting Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972)).

Here, although Microsoft and AT&T Inc. both seek to defeat Plaintiff's allegations of infringement, Microsoft has interests above and beyond those that it shares with AT&T Inc. For example, Microsoft has a broad interest in protecting Mediaroom software for use by other actual and potential customers (some of whom are competitors of AT&T Inc. and its subsidiaries). In addition, AT&T Inc. seeks to have Microsoft provide indemnification against an adverse outcome.  See Bush v. Viterna, 740 F.2d 350, 357 (5th Cir. 1984) (leave to intervene required because intervenors may potentially make a "more vigorous presentation" of their interests than existing parties). It would be unfair to expect Microsoft to rely solely on AT&T Inc. to protect the unique aspects of Microsoft's broad interests in the subject matter at issue. Moreover, AT&T Inc. lacks Microsoft's depth of understanding of the Mediaroom software and Microsoft's direct access to critical facts concerning how the software was designed and how it functions. Consequently, Microsoft has a right to intervene and protect its own interests directly. See Heaton, 297 F.3d at 425 (intervention required: "That the FDIC's interests and Monogram's may diverge in the future, even though, at this moment, they appear to share common ground, is enough to meet the FDIC's burden on this issue.").

**II.     In The Alternative, Microsoft Should Be Permitted To Intervene Permissively.**

Should the Court decide that Microsoft is not entitled to intervene as of right, Microsoft moves in the alternative for leave to intervene by permission under Rule 24(b)(2). A significant protectable interest is not required to intervene by permission; all that is required is that the intervenor's claim or defense and the main action have a question of law or fact in common. Fed. R. Civ. P. 24(b)(2); Stallworth v. Monsanto Co., 558 F.2d 257, 269 (5th Cir. 1977); Nikon Corp. v. ASM Lithography B.V., 222 F.R.D. 647, 651 (N.D. Cal. 2004); Dayton Indep. Sch.

Dist. v. U.S. Mineral Prods. Co., Civ.A Nos. B-87-00507-CA, B-88-00429-CA, 1989 WL 237732, at *4 (E.D. Tex. Feb. 14, 1989) (Fisher, J.) ("Rule 24(b)(2) 'plainly dispenses with any requirement that the intervenor [shall] have a direct, personal or pecuniary interest in the subject of the litigation.'") (quoting 7C Charles Alan Wright, Author R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1911 (2d ed. 1986)).  Consistent with the liberality of the rule's requirements, courts permit intervention whenever a common question of law or fact exists and there has been no undue delay or prejudice.  Stallworth, 558 F.2d at 269; Reid v. Gen. Motors Corp., 240 F.R.D. 257, 260 (E.D. Tex. 2006) (permitting Microsoft to intervene permissively where its customer had been sued for patent infringement and had demanded indemnity from Microsoft).

      Here, numerous common questions of law and fact exist.  Microsoft seeks to intervene to establish that (a) AT&T Inc. does not infringe the asserted patents by virtue of the fact that AT&T Inc.'s subsidiaries include Mediaroom software in U-verse products and services and (b) the patents are invalid and unenforceable.  The common factual and legal issues include: (1) design and functionality of Mediaroom software deployed in U-verse set top boxes; (2) construction of the disputed terms in the asserted patents, (3) invalidity of the asserted claims of the patents; and (4) non-infringement in connection with the use of Mediaroom software.

      Moreover, Microsoft has not engaged in undue delay and will not prejudice either AT&T Inc. or Plaintiff by intervening.  The case is still in its early stages; no scheduling conference has been set and no significant discovery has been taken.  Instead of injecting delay or complication, Microsoft's presence as a party will facilitate discovery and presentation of the case.  Accordingly, intervention should be permitted even if the Court concludes that intervention as of right is unavailable.  See Reid, 240 F.R.D. at 260.

## **CONCLUSION**

For the foregoing reasons, Microsoft should be allowed to intervene through the filing of the attached complaint in intervention.

Dated:  January 15, 2010

Respectfully submitted,

GILLAM & SMITH, LLP

By: */s/Harry L. Gillam, Jr.*
Harry L. Gillam, Jr.
State Bar No. 07921800
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
gil@gillamsmithlaw.com

*Attorneys for Intervenor Microsoft Corporation*

Of Counsel:

Chad S. Campbell
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
CSCampbell@perkinscoie.com
Telephone:  602.351.8000
Facsimile:  602.648.7000

Lauren Sliger
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, California 90067-1721
LSliger@perkinscoie.com
Telephone:  602.351.8000
Facsimile:  602.648.7000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

        */s/Harry L. Gillam, Jr.*
        Harry L. Gillam, Jr.

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL COURT RULE CV-7(h)

Pursuant to Local Court Rule CV-7(h), counsel for Microsoft Corporation met and conferred with counsel for TiVo. Microsoft understands that TiVo is opposed to the relief sought by this motion.

        */s/Harry L. Gillam, Jr.*
        Harry L. Gillam, Jr.

41826-0011/LEGAL17322180.3