## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **TIVO INC.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Case No.  2:09-CV—0259-TJW** |
| | § | |
| **AT&T INC.,** | § | **Jury Trial Demanded** |
| | § | |
| **Defendant,** | § | |
| | § | |
| **and** | § | |
| | § | |
| **MICROSOFT CORPORATION,** | § | |
| | § | |
| **Intervenor.** | § | |
| | § | |

## MICROSOFT CORPORATION'S COMPLAINT IN INTERVENTION

For its Complaint in Intervention against Plaintiff TiVo Inc. ("TiVo" or "Plaintiff"),

Intervenor Microsoft Corporation ("Microsoft"), on personal knowledge of its own acts and upon

information and belief as to the acts of others, states as follows:

### PARTIES

1.      Microsoft is a corporation organized under the laws of the State of Washington,

with its principal place of business at One Microsoft Way, Redmond, Washington 98052.

2.      TiVo claims to be a corporation organized under the laws of the State of

Delaware, with a principal place of business in Alviso, California.

### JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331 and 1338(a) and declaratory judgment jurisdiction pursuant to 28 U.S.C. §§ 2201 and

2202.

4.    The Court has personal jurisdiction over TiVo, which submitted to the jurisdiction of this Court by filing the underlying lawsuit (Civil Action No. 2:09-cv-259-TJW) ("the Existing Lawsuit").

5.    TiVo has consented to venue in this Court by filing the Existing Lawsuit. Accordingly, the requirements of 28 U.S.C. §§ 1391 and 1400 are satisfied.

## FACTUAL BACKGROUND

6.    Microsoft's Complaint arises out of Plaintiff's attempts to enforce United States Patent Nos. 6,233,389 ("the '389 patent"), 7,493,015 ("the '015 patent"), and 7,529,465 ("the '465 patent") (collectively, "the Asserted Patents") in the Existing Lawsuit against AT&T Inc.

7.    In the Existing Lawsuit, Plaintiff alleges that it "is the owner of the entire right, title and interest in" the Asserted Patents. [Dkt. 1, Compl. ¶¶ 7, 16, 25]

8.    In the Existing Lawsuit, Plaintiff further alleges that AT&T Inc. has infringed the asserted Patents "by, among other things, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims" of each of the Asserted Patents "including without limitation AT&T's U-verse product and/or service." [Compl., ¶¶ 8, 17, 26] Plaintiff also accuses AT&T Inc. of infringing the Asserted Patents by inducement [Id., ¶¶ 9, 18, 27], contributorily [Id., ¶¶ 10, 19, 28], and by supplying components. [Id., ¶¶ 11, 20, 29]. Plaintiff alleges that AT&T Inc.'s conduct with regard to the Asserted Patents is "willful and deliberate." [Id., ¶¶ 12, 21, 30]

9.    U-verse is a subscription television service provided by certain subsidiaries of AT&T Inc. As part of the television subscription, a U-verse subscriber is provided with a set-top box with certain digital video recording and playback functionality. The set-top boxes run Microsoft software known as Mediaroom. Plaintiff's accusations of infringement by AT&T Inc. therefore implicate Microsoft software and technology.

10.     Upon information and belief, Plaintiff takes the position that the use and distribution of Mediaroom software in U-verse set-top boxes infringes one or more claims of each of the Asserted Patents.

11.     An actual and justiciable controversy exists between Microsoft and Plaintiff as to whether or not AT&T Inc. has infringed any claim of the Asserted Patents, directly or indirectly, in connection with Mediaroom.  Further, an actual and justiciable controversy exists between Microsoft and Plaintiff as to whether or not the claims of the Asserted Patents are invalid.

## COUNT 1

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 6,233,389)

12.     Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 11.

13.     Microsoft does not infringe any claim of the '389 patent, either directly or indirectly (*e.g.,* by inducing or contributing to infringement) through the development, advertising, use, licensing, distribution, supplying, sale, offer to sell, or importation of Mediaroom.

14.     None of Microsoft's customers, including, but not limited to the subsidiaries of AT&T Inc., infringe any claim of the '389 patent, directly or indirectly, through the development, advertising, use, licensing, distribution, supplying, sale, offer to sell, or importation of Mediaroom.

15.     AT&T Inc. does not infringe any claim of the '389 patent, either directly or indirectly (*e.g.,* by inducing or contributing to infringement) through the development, advertising, use, licensing, distribution, supplying, sale, offer to sell, or importation of Mediaroom.

16.     A judicial declaration that Microsoft and its customers do not infringe any claim of the '389 patent as stated in paragraphs 13 through 15 is necessary and appropriate at this time to enable Microsoft and its customers to ascertain their rights and duties with respect to designing, developing, making, licensing, distributing and using Mediaroom.  Absent such a

declaration, Plaintiff will continue to assert the '389 patent against Microsoft and/or Microsoft's customers, and thereby cause Microsoft irreparable injury and damage.  Microsoft has no other adequate remedy at law.

17.     This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

## COUNT II

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,233,389)

18.     Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 16.

19.     Each claim of the '389 patent asserted by Plaintiff is invalid for failing to meet one or more of the requirements for patentability, including, without limitation, the requirements set forth in 35 U.S.C. §§ 101, 102, 103 and 112.

20.     A judicial declaration that each claim of the '389 patent is invalid is necessary and appropriate at this time so that Microsoft and its customers can ascertain their rights and duties with respect to designing, developing, making, licensing, distributing and using Mediaroom. Absent such a declaration, Plaintiff will continue to assert the '389 patent against Microsoft and/or Microsoft's customers, and thereby cause Microsoft irreparable injury and damage. Microsoft has no other remedy at law.

21.     This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

## COUNT III

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 7,493,015)

22.     Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 20.

23.     Microsoft does not infringe any claim of the '015 patent, either directly or indirectly (*e.g.,* by inducing or contributing to infringement) through the development,

advertising, use, licensing, distribution, supplying, sale, offer to sell, or importation of Mediaroom.

24.    None of Microsoft's customers, including, but not limited to AT&T Inc.'s subsidiaries, infringe any claim of the '015 patent, directly or indirectly, through the development, advertising, use, licensing, distribution, supplying, sale, offer to sell, or importation of Mediaroom.

25.    AT&T Inc. does not infringe any claim of the '015 patent, either directly or indirectly (*e.g.,* by inducing or contributing to infringement) through the development, advertising, use, licensing, distribution, supplying, sale, offer to sell, or importation of Mediaroom.

26.    A judicial declaration that Microsoft, AT&T Inc. and its subsidiaries, and any other Microsoft customer, do not infringe any claim of the '015 patent as stated in paragraphs 23 through 25 is necessary and appropriate at this time to enable Microsoft and its customers to ascertain their rights and duties with respect to designing, developing, making, licensing, distributing and using Mediaroom.  Absent such a declaration, Plaintiff will continue to assert the '015 patent against Microsoft and/or Microsoft's customers, and thereby cause Microsoft irreparable injury and damage.  Microsoft has no other adequate remedy at law.

27.    This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

## <u>COUNT IV</u>

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,493,015)

28.    Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 25.

29.    Each claim of the '015 patent asserted by Plaintiff is invalid for failing to meet one or more of the requirements for patentability, including, without limitation, the requirements set forth in 35 U.S.C. §§ 101, 102, 103 and 112.

30.    A judicial declaration that each claim of the '015 patent asserted by Plaintiff is invalid is necessary and appropriate at this time so that Microsoft and its customers can ascertain their rights and duties with respect to designing, developing, making, licensing, distributing and using Mediaroom.  Absent such a declaration, Plaintiff will continue to assert the '015 patent against Microsoft and/or Microsoft's customers, and thereby cause Microsoft irreparable injury and damage.  Microsoft has no other remedy at law.

31.    This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

## COUNT V

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 7,529,465)

32.    Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 29.

33.    Microsoft does not infringe any claim of the '465 patent, either directly or indirectly (*e.g.,* by inducing or contributing to infringement) through the development, advertising, use, licensing, distribution, supplying, sale, offer to sell, or importation of Mediaroom.

34.    None of Microsoft's customers, including, but not limited to AT&T Inc.'s subsidiaries, infringe any claim of the '465 patent, directly or indirectly, through the development, advertising, use, licensing, distribution, supplying, sale, offer to sell, or importation of Mediaroom.

35.    AT&T Inc. does not infringe any claim of the '465 patent, either directly or indirectly (*e.g.,* by inducing or contributing to infringement) through the development, advertising, use, licensing, distribution, supplying, sale, offer to sell, or importation of Mediaroom.

36.    A judicial declaration that Microsoft, Microsoft's customers and AT&T Inc. do not infringe any claim of the '465 patent as stated in paragraphs 33 through 34 is necessary and appropriate at this time to enable Microsoft and its customers to ascertain their rights and duties

with respect to designing, developing, making, licensing, distributing and using Mediaroom. Absent such a declaration, Plaintiff will continue to assert the '465 patent against Microsoft and/or Microsoft's customers, and thereby cause Microsoft irreparable injury and damage. Microsoft has no other adequate remedy at law.

37.     This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

## COUNT VI

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,529,465)

38.     Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 34.

39.     Each claim of the '465 patent asserted by Plaintiff is invalid for failing to meet one or more of the requirements for patentability, including, without limitation, the requirements set forth in 35 U.S.C. §§ 101, 102, 103 and 112.

40.     A judicial declaration that each claim of the '465 patent is invalid is necessary and appropriate at this time so that Microsoft and its customers can ascertain their rights and duties with respect to designing, developing, making, licensing, distributing and using Mediaroom. Absent such a declaration, Plaintiff will continue to assert the '465 patent against Microsoft and/or Microsoft's customers, and thereby cause Microsoft irreparable injury and damage. Microsoft has no other remedy at law.

41.     This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

## REQUESTED RELIEF

Wherefore, Microsoft requests Judgment against Plaintiff:

> a.     declaring that Microsoft, Microsoft's customers, and AT&T Inc. do not infringe any claim of '389 patent;

b.     declaring that each claim of the '389 patent that is asserted by Plaintiff is invalid;

c.     declaring that Microsoft, Microsoft's customers and AT&T Inc. do not infringe any claim of '015 patent;

d.     declaring that each claim of the '015 patent that is asserted by Plaintiff is invalid;

e.     declaring that Microsoft, Microsoft's customers and AT&T Inc. do not infringe any claim of '465 patent;

f.     declaring that each claim of the '465 patent that is asserted by Plaintiff is invalid;

g.     adjudging this case "exceptional" within the meaning of 35 U.S.C. § 285, entitling Microsoft to an award of its reasonable attorneys' fees, expenses and costs; and

h.     granting such other and further equitable or legal relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Microsoft hereby demands trial by jury on all issues so triable.

Dated:  January 15, 2010

Respectfully submitted,

GILLAM & SMITH, LLP

By: */s/Harry L. Gillam, Jr.*
Harry L. Gillam, Jr.
State Bar No. 07921800
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
gil@gillamsmithlaw.com

*Attorneys for Intervenor Microsoft
Corporation*

Of Counsel:

Chad S. Campbell
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
CSCampbell@perkinscoie.com
Telephone:  602.351.8000
Facsimile:  602.648.7000

Lauren Sliger
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, California 90067-1721
LSliger@perkinscoie.com
Telephone:  602.351.8000
Facsimile:  602.648.7000

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

*/s/Harry L. Gillam, Jr.*

Harry L. Gillam, Jr.

41826-0011/LEGAL17337645.2