IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.   2:09-CV—0259-TJW |
| AT&T INC., | § § | |
| Defendant, | § § § | |
| and | § § | |
| MICROSOFT CORPORATION, | § § § | |
| Intervenor. | § § | |

**MICROSOFT'S REPLY TO TIVO'S RESPONSE TO MOTION TO INTERVENE**

## Introduction

Microsoft has met the requirements for intervening as a matter of right. TiVo's flawed arguments merely inflate the applicable standard and ignore uncontested and dispositive facts. It is indisputable that Microsoft has a direct, substantial and legally protectable interest in the commercial distribution and use of its Mediaroom software. TiVo's claims have placed that interest at risk (because the alleged infringement is directed at DVR functions provided by U-verse set top boxes, which run on Mediaroom software). AT&T might not adequately protect ***Microsoft's*** particular and broad commercial interests in Mediaroom. Because Microsoft's motion was timely filed, nothing more is required for intervention by right.

Microsoft also has established the requirements to intervene by permission, a point that TiVo concedes. Instead of seeking to block intervention altogether, TiVo urges limitations that would bind AT&T in addition to Microsoft. The discovery and procedural matters that TiVo has raised are more appropriate to address pursuant to the Court's usual rules and practices for the management and disposition of patent cases. There is no need or justification for special procedures to be adopted as a condition of granting the motion. Consequently, Microsoft should be permitted to intervene without prejudice to the resolution of the matters urged in TiVo's Response brief.

## Discussion

**I.     Microsoft Has Satisfied the Requirements for Intervening as a Matter of Right.**

TiVo's proffered basis for seeking conditions on Microsoft's intervention is an attempt to dispute that Microsoft has established a right to intervene. By contesting only two of the four requirements for establishing a right to intervene, TiVo has conceded (1) that Microsoft's motion was timely filed and (2) that the outcome of this case could adversely affect Microsoft's interests. TiVo's arguments that the record does not show enough detail about Microsoft's

interests or AT&T's inability to protect them misstate both the facts set out in the record and the applicable legal standard.

### A. TiVo's claims directly threaten Microsoft's commercial interests.

For intervention by right, a movant must show a "'direct, substantial, legally protectable interest.'" State of Texas v. Am. Tobacco Co., No. 5-98CV-270, 1999 WL 1022129, at *2 (E.D. Tex. Nov. 5, 1999) (citation omitted). TiVo's criticisms (Resp. at 2) notwithstanding, Microsoft has demonstrated that it has such an interest in the outcome of this case. The Complaint alleges that TiVo owns patents on DVR functionality and that AT&T has infringed those patents by providing DVR service through U-verse. [E.g., Complaint (Dkt. 1), ¶¶ 4, 6-14] The record before the court establishes that the U-verse set-top boxes through which DVR service is made available run on Mediaroom software. [Declaration of Eddie Barker, ¶ 2] Microsoft developed and licensed Mediaroom software to the subsidiaries of AT&T responsible for U-verse. [Id.] By seeking to enjoin the DVR functionality in U-verse, TiVo seeks to impair the commercial interests of Microsoft in the ongoing licensing and distribution of its own software. That is an adequate interest for intervention by right.

None of the authorities cited by TiVo (Resp. at 2) actually supports TiVo's assertion that Microsoft's showing of a direct, substantial and legally protectable interest is inadequate. In WRR Indus., Inc. v. Prologis, No. 3:04-CV-2544-L, 2006 WL 247894, at *10 (N.D. Tex. Feb. 2, 2006), the court denied intervention because the motion was untimely. Id., at *9 ("the court determines that HiPerformance's motion to intervene is untimely, and should therefore be denied.") Here, Microsoft's motion was timely filed, near the initial pleading phase of the case and prior to the onset of discovery or case scheduling activity.

In U.S. v. Perry County Bd. of Educ., 567 F.2d 277, 279-80 (5th Cir. 1978), the court found that parents seeking to intervene in a school desegregation case lacked a direct, substantial

and legally protectable interest *in the proceedings that were before the court* because the parents were seeking to challenge the location of the newly planned school for reasons that were "unrelated to desegregation and the establishment of a unitary school system." Here, Microsoft seeks to intervene to defend against TiVo's allegations of infringement and the request for injunctive relief that is aimed at the commercial distribution of Microsoft's Mediaroom software. Microsoft has amply demonstrated a direct, substantial and legally protectable interest in the outcome at issue in this case.

> **B.     Microsoft should not be forced to rely on AT&T to protect Microsoft's commercial interests in its own software.**

TiVo also contends that Microsoft failed to show AT&T would not adequately protect Microsoft's threatened interests. The burden to show that an intervenor's rights would not be adequately represented by the existing parties is "minimal" and is satisfied by showing that the representation "may be" inadequate. Edwards v. City of Houston, 78 F.3d 983, 1005 (5th Cir. 1996). Microsoft has met that burden by showing that, although AT&T and Microsoft share an interest in establishing defenses in the case, Microsoft has unique and broader commercial interests in Mediaroom software compared to the interests of AT&T, which is limited to the U-verse service. TiVo's response ignores the unique aspects of Microsoft's interests altogether.

As the case law confirms, suppliers faced with indemnity demands from customers are allowed to intervene as a matter of right because the customer may not adequately represent the larger interests of the supplier from whom indemnity is sought. Fisherman's Harvest, Inc. v. U.S., 74 Fed. Cl. 681, 685 (2006). [See authorities discussed at 7-9 of Microsoft's motion] Moreover, Microsoft's commercial interests in Mediaroom software are not limited to its use by AT&T's subsidiaries for U-verse. Microsoft has other actual and potential customers for Mediaroom, some of whom are competitors of AT&T. Finally, it is uncontested that Microsoft

possesses unique technical knowledge about the software that it designed and developed.  As a result, Microsoft is in a better position than AT&T to explain and defend the Mediaroom software.  Those circumstances clear the low bar for showing the possible inadequacy of AT&T's representation of Microsoft's interests by a wide margin.

Microsoft has demonstrated a direct, substantial, and legally protectable interest in the relief sought in the litigation and the potential risk of inadequate protection of that interest without intervention. Microsoft's motion was timely filed.  All of the requirements for intervention by right are therefore met.

## II.     TiVo's Requested "Conditions" Should Be Addressed Pursuant to the Court's Usual Rules and Practices for Handling Discovery and Case Management Issues.

Contrary to TiVo's Response, Microsoft does not seek to multiply discovery unnecessarily or to evade appropriate discovery limits.  The pending motion to intervene is simply not the proper vehicle for setting such limits, however.  Microsoft expects to participate with TiVo and AT&T in the preparation and submission of a discovery and case management plan to the Court that conforms in all respect to the governing rules and the Court's orders.

One of the issues to address in the discovery and case management plan will be Microsoft's declaratory judgment claims as set out in the Complaint in Intervention.  Because TiVo has not yet responded to Microsoft's claims, the pleadings are not even closed.  Nor have TiVo, AT&T and Microsoft engaged in the meet and confer process needed to crystallize the parties' positions regarding discovery and the recommended case schedule.  That process should be permitted to take its course, and the question of discovery limits applicable to Microsoft, TiVo and AT&T should be established as part of that process, just as the question would be addressed in any other patent case.  There is no need for the piece-meal approach that TiVo is urging.

Nor is the motion to intervene a proper vehicle to address the question of transferring venue. No party has yet made a motion to transfer venue, although TiVo's stated concern about the issue is understandable in view of its election to file suit in a judicial district where the parties, document sources, and important witnesses are not present. The statute that governs a transfer of venue provides that the Court should decide the question based on the "convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404. Such a determination cannot properly be made without a complete record. If such a motion is filed by AT&T or by Microsoft, the fact that Microsoft affirmatively sought to intervene in the case will be part of the record and can be considered by the Court for whatever probative force that fact may or may not have in deciding the transfer question.

Finally, none of TiVo's cited authorities suggest that TiVo's proposed conditions must or should be adopted in the context of deciding the present motion to intervene. In <u>Beuregard, Inc. v. Sword Servs., L.L.C.</u>, 107 F.3d 351, 352 (5th Cir. 1997), the court was addressing a narrow question of admiralty law. Several parties had seized a barge to secure payment of substantial repairs. The seizure led to custodial expenses that the seizing parties all shared, until one party sought to intervene without seizing the barge to avoid contributing to payment of the custodial expenses. The court sensibly conditioned intervention on the intervenor seizing the barge and sharing in the custodial expenses. In contrast to the <u>Beuregard</u> intervenor, Microsoft is seeking to participate fully in the conduct and resolution of this case.

TiVo's other case authority is equally inapplicable. In <u>Bibles v. City of Irving</u>, No. 3:08-CV-1795-M, 2009 U.S. Dist. LEXIS 67462 (N.D. Tex. July 28, 2009), a discharged law firm sought to intervene to protect its contingent fee interest in any judgment or settlement. The court ordered the limited intervention sought by the law firm. But that situation simply is not

comparable to the present motion in which Microsoft seeks to intervene to defend against the very injunctive and monetary relief set out in the complaint against the U-verse products and service.

Finally, the discovery limits adopted in <u>Volkswagen of Am., Inc. v. MHL Tek, LLC</u>, Case No. 2:08-cv-405-TJW were ordered as part of the typical case management and discovery process, not as a condition for granting a motion to intervene. The way in which discovery limits were addressed in <u>Volkswagen</u> is the manner in which the matters raised by TiVo should be resolved here—<u>i.e.</u>, in the ordinary course of the Court's customary practice and procedures.

## **Conclusion**

Microsoft respectfully requests that its motion to intervene be granted without the conditions advanced by TiVo.

Dated: February 9, 2010

Respectfully submitted,

GILLAM & SMITH, LLP

By: */s/ Harry L. Gillam, Jr.*
    Harry L. Gillam, Jr.
    303 South Washington Avenue
    Marshall, Texas 75670
    Telephone: (903) 934-8450
    Facsimile: (903) 934-9257
    gil@gillamsmithlaw.com

*Attorneys for Intervenor Microsoft Corporation*

Of Counsel:

Chad S. Campbell
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
CSCampbell@perkinscoie.com
Telephone:  602.351.8000
Facsimile:  602.648.7000

Lauren Sliger
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
LSliger@perkinscoie.com
Telephone:  310.788.3245
Facsimile:  310.788.3399

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 9, 2010 the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

      */s/Harry L. Gillam, Jr.*
      Harry L. Gillam, Jr.