IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:09-cv-259-DF |
| vs. | ) | |
| | ) | |
| AT&T INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Intervenor. | ) | |
| | ) | |

## STIPULATED PROTECTIVE ORDER

The parties, by and through their respective counsel, having stipulated and agreed that an order pursuant to Federal Rule of Civil Procedure 26(c) is necessary to protect the confidentiality of documents and other information obtained in the course of discovery in this Action, it is hereby ORDERED THAT:

1.      **SCOPE OF ORDER**.  This Stipulation and Protective Order includes in its scope any documents, things and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) that are produced, disclosed or filed in the above captioned action (the "**Action**"), by or on behalf of any party or non-party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, deposition, a response to any type of written discovery, a submission to the Court or otherwise ("**Litigation Material**").  Nothing in this Order shall obligate any party or non-party to produce any Litigation Material to any other party that it is not otherwise required to produce under the Federal Rules of Civil Procedure or any applicable local rule.

2.      **USE OF LITIGATION MATERIAL GENERALLY**.  All Litigation Material designated or reflecting CONFIDENTIAL INFORMATION, CONFIDENTIAL OUTSIDE

ATTORNEY'S EYES ONLY INFORMATION, or CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION, as defined below, shall be used solely for the purposes of preparation, trial and appeal of this Action, and for no other purpose, absent further order of the Court. But nothing herein shall prevent or in any way limit disclosure, use or dissemination of any documents, things or information that are in the public domain.

      3.    **DEFINITIONS.**

      a.    "**Copy**" shall mean any reproduction, depiction, or sample of any document, material, tangible thing, audio or video tape, computer disk, or information, regardless of format, by photographic, scanning, imaging, recording, manual input, or other electronic, magnetic, optical, or manual reproduction means.

      b.    "**In-House Counsel**" shall mean in-house counsel for each of the corporate parties who are attorneys actively involved in this dispute for their employers, as well as their direct clerical and support staff, copy services, translators and other similar vendors providing clerical or administrative support to such In-House Counsel in connection with this matter.

      c.    "**Outside Litigation Counsel**" shall mean the outside counsel of record for each party in this Action, including all regularly employed attorneys, staff, and clerical and support personnel affiliated with or employed by such outside counsel, as well as copy services, translators and other similar vendors providing clerical or administrative support to such outside counsel in connection with this matter.

      d.    "**Party**" or "Parties" shall mean any or all parties to this Action.

      e.    "**Producing Party**" shall mean a Party or non-party, on behalf of which documents, things or information are produced, furnished, or disclosed, during the course of this Action, in response to requests for production of documents, interrogatories, requests for admissions, depositions or any other disclosure or request for discovery pursuant to the Federal Rules of Civil Procedure or the Court's local rules, or in the form of pleadings, briefs, memoranda, testimony adduced at trial, materials introduced into evidence or other form of information produced, furnished or disclosed by or on behalf of such a Party or non-party.

f. "**Receiving Party**" shall mean any party to which documents, things or information are produced, furnished, or disclosed, whether voluntarily or in response to formal or informal discovery requests, subpoena, deposition notice, or court order, by any Producing Party in this Action.

g. "**Source Code**" shall mean source code and object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator). For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

h. "**CONFIDENTIAL INFORMATION**" shall mean Litigation Material which reflects or contains any of the following: (i) confidential or proprietary technical or scientific information; (ii) confidential know-how; (iii) confidential, proprietary or sensitive business or financial information; (iv) product research and development information; (v) customer and supplier information; (vi) marketing strategies and information; (vii) strategic business information including without limitation business plans, manufacturing information, cost information or logistical information; (viii) any information which is not generally known and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence; or (ix) confidential information of a non-party that the Producing Party is bound by a separate confidentiality agreement or court order to maintain in confidence and that the Producing Party is permitted to produce in the Action.

i. "**CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**" shall mean Litigation Material which reflects or contains any of the following: (i) licensing information; (ii) highly sensitive design, development, technical, or manufacturing information; (iii) trade secrets; (iv) highly sensitive business planning, strategy, marketing, financial, pricing, or sales information; or (v) any confidential information that the Producing Party in good faith believes will result in significant risk of competitive disadvantage or harm if disclosed to another Party without restriction upon use or further disclosure, or that affords the Producing Party an actual or potential economic advantage over others.

j.    "**CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY**

**INFORMATION**" shall mean Litigation Material of a Producing Party, or of any non-parties that

a Producing Party is permitted to produce in the Action, that constitutes or contains non-public

Source Code.

k.    "**DESIGNATED INFORMATION**" shall mean information designated

CONFIDENTIAL INFORMATION, CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

INFORMATION, CONFIDENTIAL - SUBJECT TO PROSECUTION BAR, or

CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION.

4.    **DESIGNATION OF DOCUMENTS OR OTHER LITIGATION MATERIAL**.

Any Party or non-party may designate, at or prior to the time of production, any non-public

Litigation Material (and copies thereof) produced or disclosed by or on behalf of such Party or

non-party, or any portion of such material, as either:

a.    CONFIDENTIAL INFORMATION, by placing on each page (or electronic

file) and each thing (including electronic, optical, magneto-optical, magnetic, etc. media) to which

the designation applies a legend substantially as follows: "CONFIDENTIAL INFORMATION

SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL INFORMATION," or other similar

designation;

b.    CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

INFORMATION, by placing on each page (or electronic file) and each thing (including electronic,

optical, magneto-optical, magnetic, etc. media) to which the designation applies a legend

substantially as follows: "CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

INFORMATION SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL OUTSIDE

ATTORNEY'S EYES ONLY INFORMATION," "OUTSIDE ATTORNEY'S EYES ONLY," or

other similar designation plainly indicating "OUTSIDE ATTORNEY'S EYES ONLY" Litigation

Material; or

c.    CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY

INFORMATION, by placing on each page (or electronic file) and each thing (including electronic,

optical, magneto-optical, magnetic, etc. media) to which the designation applies a legend

substantially as follows: "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER" or other similar designation plainly indicating "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY" Litigation Material.

A Producing Party designating Litigation Material as DESIGNATED INFORMATION must have a good faith belief that the Litigation Material meets the definition of CONFIDENTIAL INFORMATION, CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION, or CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION as set forth in Paragraphs 3(h), 3(i), and 3(j), respectively.  In the event the Producing Party elects to produce documents containing or reflecting DESIGNATED INFORMATION for inspection, no marking need be made by the Producing Party in advance of the inspection, and all inspected materials shall be deemed CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION until designated otherwise at the time copies are delivered to Receiving Party.

5.     **USE OF DESIGNATED INFORMATION**.  CONFIDENTIAL INFORMATION shall not be made available, nor the contents thereof disclosed, to persons other than QUALIFIED PERSONS, as defined in Paragraph 6 herein, and CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION shall not be made available, nor the contents thereof disclosed, to persons other than SPECIALLY QUALIFIED PERSONS, as defined in Paragraph 7 herein, except that CONFIDENTIAL INFORMATION and CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION may be made available or the contents thereof disclosed in accordance with the provisions of Paragraphs 9 and 10.  Material designated CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION and any portion of any transcript or other paper that contains, reveals, or refers to material so designated may only be disclosed, subject to the provisions of Paragraph 28, to SOURCE CODE QUALIFIED PERSONS, as defined in Paragraph 7, except in accordance with the provisions of Paragraphs 9 and 10.  All DESIGNATED INFORMATION shall be carefully maintained by the Receiving Party in secure facilities and access to such DESIGNATED INFORMATION shall be permitted only to persons having access thereto under the terms of this Protective Order.  No DESIGNATED

INFORMATION shall be retained or permanently stored at the offices or facilities of the Receiving Party.  In the event that any QUALIFIED PERSON, SPECIALLY QUALIFIED PERSON, or SOURCE CODE QUALIFIED PERSON ceases to engage in the litigation of this Action, access by such person to DESIGNATED INFORMATION shall be terminated.  The provisions of this Protective Order, however, shall otherwise remain in full force and effect as to such QUALIFIED PERSON, SPECIALLY QUALIFIED PERSON, or SOURCE CODE QUALIFIED PERSON.

      6.    **QUALIFIED PERSONS**.  QUALIFIED PERSONS as used herein shall include only the following:

      a.    Outside Litigation Counsel as necessarily incident to the litigation of this Action;

      b.    personnel at jury consultants, mock jurors, document duplication, coding, imaging or scanning service establishments retained by, but not regularly employed by, Outside Litigation Counsel as necessarily incident to the litigation of this Action;

      c.    Qualified Consultants and Qualified Experts, as provided in Paragraph 8(b), and their regularly employed support personnel (such as administrative assistants, secretaries, clerical and administrative staff) as necessarily incident to the litigation of this Action;

      d.    the Court, its personnel, jurors and alternate jurors, and court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this Action;

      e.    In-House Counsel; and

      f.    up to three (3) Qualified Employees, as provided in Paragraph 8(a) herein.

      7.    **SPECIALLY QUALIFIED PERSONS AND SOURCE CODE QUALIFIED PERSONS**.  SPECIALLY QUALIFIED PERSONS as used herein shall include only those QUALIFIED PERSONS listed in Paragraphs 6(a)-6(d).  SOURCE CODE QUALIFIED PERSONS as used herein shall include only those QUALIFIED PERSONS listed in Paragraphs 6(a), 6(b), 6(d), and Qualified Consultants and/or Qualified Experts under paragraph 8(b), in

addition to their regularly employed support personnel, as long as such personnel become Qualified Consultants and Qualified Experts as provided in Paragraph 8(b).

      8. **APPROVAL OF PROPOSED QUALIFIED EMPLOYEES, QUALIFIED CONSULTANTS, AND QUALIFIED EXPERTS.**

      a. Other than In-House Counsel, an employee of a Party shall become a Qualified Employee as to a particular Producing Party and may receive the CONFIDENTIAL INFORMATION of that Producing Party only after the following conditions have been satisfied: (i) the proposed Qualified Employee has executed an Agreement to Abide By Protective Order in the form attached hereto as Exhibit A; (ii) the executed Agreement has been served on the Producing Party; and (iii) the Producing Party has not objected to the proposed Qualified Employee pursuant to Paragraph 8(c), or the Court has ruled on an application by the Receiving Party that the proposed Qualified Employee may receive the CONFIDENTIAL INFORMATION of the Producing Party.

      b. A consultant or expert retained by a Party shall become a Qualified Consultant or Qualified Expert, as the case may be, as to a particular Producing Party and may receive the DESIGNATED INFORMATION of that Producing Party only after the following conditions have been satisfied: (i) the proposed Qualified Consultant or Qualified Expert has executed an Agreement to Abide By Protective Order in the form attached hereto as Exhibit B; (ii) the executed Agreement and the proposed Qualified Consultant's or Qualified Expert's curriculum vitae (including (1) their present employer and title, (2) a list of any known present or former relationships or engagements between them and any Party or known competitor of a Party, (3) a list of other cases in which they have testified (at trial or deposition) within the last seven years, and (4) a list of all companies with which they have consulted or by which they have been employed within the last four years, or, if the identity of the employer is confidential, a description of the engagement and a statement that the employer was not a Party or a competitor of a Party) have been served on the Producing Party; and (iii) the Producing Party has not objected to the proposed Qualified Consultant or Qualified Expert pursuant to Paragraph 8(c), or the Court has ruled on an application by the Receiving Party that the proposed Qualified Consultant or Qualified

Expert may receive DESIGNATED INFORMATION of the Producing Party. A proposed Qualified Consultant or Qualified Expert may only receive CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION after being expressly identified to the Producing Party as seeking access to CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION. If the Receiving Party wishes an already identified Qualified Consultant or Qualified Expert to receive CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION, it must re-comply with the provisions of this Paragraph and identify the proposed Qualified Consultant or Qualified Expert as seeking access to CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION.

      c.     A Producing Party shall have seven (7) business days from the date of facsimile or electronic mail service of the materials and information served pursuant to Paragraphs 8(a) or 8(b), plus three (3) additional business days if provided by the Local Rules of the Eastern District of Texas, to object to a proposed Qualified Employee, Qualified Consultant or Qualified Expert. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties. Failure to object within the period referenced in this Paragraph shall constitute approval but shall not preclude the non-objecting party from later objecting to continued access where facts suggesting a basis for objection could not have been earlier discovered by exercising due diligence within the period for making a timely objection. If a written notice of objection is served, no DESIGNATED INFORMATION of the Producing Party shall be disclosed to the proposed Qualified Employee, Qualified Consultant or Qualified Expert until the objection is resolved by agreement or by an order of the Court.

      d.     The Party seeking to disclose DESIGNATED INFORMATION to the proposed Qualified Employee, Qualified Consultant or Qualified Expert bears the burden of seeking an order of the Court. The objecting Producing Party shall have the burden of demonstrating under applicable law why the proposed Qualified Employee, Qualified Consultant or Qualified Expert should not be permitted to receive DESIGNATED INFORMATION.

      e.     The failure of a Producing Party to object to the receipt of its CONFIDENTIAL INFORMATION, CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

INFORMATION and/or CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION by a person designated by a Receiving Party under Paragraph 8(b) shall in no way prejudice the Producing Party's right to later move to exclude such person's testimony or written report on grounds other than the propriety of such person's access to the Producing Party's CONFIDENTIAL INFORMATION, CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION and/or CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION.

9. **LIMITED DISCLOSURE TO PARTIES WITH PRIOR ACCESS**.  Nothing herein shall prevent the disclosure of any DESIGNATED INFORMATION to any of the following:

a. any current employee of the Producing Party;

b. any current employee of the Receiving Party if the DESIGNATED INFORMATION originated with, or was sent to, the current employee of the Receiving Party, as evidenced by the identification of the current employee as an author, recipient, or copyee on the face of the DESIGNATED INFORMATION; or

c. during deposition or trial testimony, any former employee of the Receiving Party or Producing Party if the DESIGNATED INFORMATION originated with, or was sent to, the former employee during the term of employment of the former employee, as evidenced by the identification of the former employee as an author, recipient, or copyee on the face of the DESIGNATED INFORMATION.

10. **LIMITED DISCLOSURE TO WITNESSES TESTIFYING AT TRIAL OR AT DEPOSITION**.  DESIGNATED INFORMATION may be made available, or the contents thereof disclosed, to witnesses testifying at trial or at deposition, or who provide an affidavit or certification, and their counsel, only if:

a. in the case of a document, it appears that the witness has previously seen or received the DESIGNATED INFORMATION contained therein, either because the document identifies the witness as an author, recipient or copyee, or because the document comes from the files of the witness;

b.      the Producing Party agrees in writing that the witness may have access to the DESIGNATED INFORMATION for purposes of his or her testimony at trial and/or at deposition; or

c.      the witness is employed by the Producing Party.

If the basis of the disclosure is (a) above, then if requested by the Producing Party, immediately after the disclosure, the lawyer disclosing such DESIGNATED INFORMATION must make an inquiry with respect to the witness's previous access to such information, and if it becomes apparent on such inquiry that the witness has not had previous access to the DESIGNATED INFORMATION, the item shall be withdrawn and no further inquiry regarding the DESIGNATED INFORMATION shall be permitted.  Any witness testifying at trial or at deposition or who provides an affidavit or certification, or their counsel, who receives DESIGNATED INFORMATION shall not reveal or discuss the contents of that information to or with any person who is not entitled to receive such information pursuant to this Protective Order.

11.      **DESIGNATION OF DEPOSITION TESTIMONY**.  A Party or non-party may designate information disclosed during a deposition as DESIGNATED INFORMATION by so indicating on the record at the deposition.  A Party or non-party may also designate in writing, within thirty (30) calendar days of the receipt of the transcript (the "Designation Period"), that specific pages of the transcript be treated as DESIGNATED INFORMATION.  Until the Designation Period has elapsed for a given transcript that transcript shall be treated as CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION unless the parties have earlier agreed that no designation will be made.

12.      **ATTENDANCE AT DEPOSITIONS**.  During depositions of any Party or non-party, a Party or non-party claiming that information that is to be disclosed or upon which questions may be based is DESIGNATED INFORMATION may exclude from the room for that portion of the deposition any person who is not a QUALIFIED PERSON, SPECIALLY QUALIFIED PERSON, or SOURCE CODE QUALIFIED PERSON, as appropriate under this Protective Order.

13. **FILING DESIGNATED INFORMATION**. Any DESIGNATED INFORMATION filed with the Court shall be filed under seal and indicate on the first page that it contains information subject to this Order.

14. **USE OF DESIGNATED INFORMATION AT TRIAL**. Nothing in this Protective Order shall prevent a Party from using any DESIGNATED INFORMATION at a hearing or at trial. The Parties may request that attendance at those portions of the hearing or trial, or access to the transcripts of those hearing or the trial, in which DESIGNATED INFORMATION is disclosed be restricted to court personnel and QUALIFIED PERSONS, SPECIALLY QUALIFIED PERSONS, or SOURCE CODE QUALIFIED PERSONS, as appropriate under this Protective Order.

15. **PROCEDURE FOR POST-PRODUCTION DESIGNATION**. At any time prior to the final pretrial conference in this Action, a Producing Party may seek additional protection for previously produced Litigation Material by re-producing and re-designating such Litigation Material as DESIGNATED INFORMATION. If Litigation Material was properly shown to a person who would not be entitled to see it as newly re-designated, that person shall be advised that the Litigation Material has been re-designated as DESIGNATED INFORMATION, as the case may be, and instructed not to use the Litigation Material for any purpose other than the litigation of this Action.

16. **PROCEDURE FOR OBJECTION TO DESIGNATION**.

a. At any time prior to the final pretrial conference in this Action, any Party may object in good faith to the designation or re-designation of any Litigation Material as DESIGNATED INFORMATION by providing counsel for the Producing Party with written notice of the reasons for its objection. The Producing Party shall, within seven (7) business days after receiving such written notice, advise the objecting party, in writing, of the basis for its designation. Within five (5) business days thereafter, the parties shall confer in a good faith effort to resolve the matter. Failing such resolution, the Receiving Party shall then have ten (10) business days from that conference (the "Motion Period") to apply to the Court for relief or the

objection is waived. The Producing Party retains the burden of establishing that the item was properly designated.

   b.   Notwithstanding any objection to the designation of Litigation Material as DESIGNATED INFORMATION, Litigation Material designated as DESIGNATED INFORMATION shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (i) the party who designated the Litigation Material DESIGNATED INFORMATION changes or removes such designation in writing; or (ii) the Court orders the Producing Party to change or remove such designation. If Litigation Material was properly shown to a person who would not be entitled to see it as re-classified, that person shall be advised that the Litigation Material has been reclassified and instructed not to use the Litigation Material for any purpose other than the litigation of this Action.

   c.   The designation of an item as DESIGNATED INFORMATION may be challenged, among other reasons, because: (i) the information is or comes to be publicly disclosed in a printed publication, (ii) the information is or comes to be generally publicly known, or (iii) the information is or comes to be otherwise known to the Parties without any breach of the confidentiality obligations hereunder. Any disclosure of DESIGNATED INFORMATION under this Protective Order shall not serve as a basis for challenging the DESIGNATED INFORMATION designation of the information in question.

   d.   In any motion challenging whether an item is properly designated DESIGNATED INFORMATION, the Producing Party has the burden of establishing that the item was properly designated as DESIGNATED INFORMATION.

   e.   The failure of the Receiving Party to challenge the designation of any item as DESIGNATED INFORMATION under this Protective Order at the time of production or designation of the item shall not be deemed a waiver of the Receiving Party's right to challenge the propriety of such designation at any time prior to the final pretrial conference in this Action.

   17.   **AVAILABILITY TO NON-PARTIES**. It is expressly contemplated that the protections of this Protective Order apply to non-parties.

18.     **NOTICE TO NON-PARTIES**.  Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order.

19.     **NO WAIVER**.

a.      Nothing in this Protective Order shall prejudice the right of any party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such rights. Moreover, nothing in this Protective Order shall prejudice the right of any party to object to the admissibility at trial of any Litigation Material or other evidentiary material on any appropriate ground, and nothing herein shall be construed as a waiver of such right.

b.      Entering into, agreeing to and/or complying with the terms of this Protective Order shall not: (i) operate as an admission by any party that any particular Litigation Material contains or reflects currently valuable trade secrets or protected proprietary or commercial information; or (ii) operate as an admission by any party that any particular Litigation Material is, or is not, relevant to this Action.

20.     **PARTIES' OWN INFORMATION**.  Nothing in this Protective Order shall limit any Producing Party's use of its own documents, things or information.  Nor shall anything in this Protective Order prevent any Producing Party from disclosing its DESIGNATED INFORMATION to any person.  Such disclosures shall not affect any designation of such documents as DESIGNATED INFORMATION pursuant to the terms of this Protective Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

21.     **DISCLOSURES BEYOND PROTECTIVE ORDER**.  Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order: (i) if the Producing Party(ies) consents to such disclosure; (ii) if the Court, after notice of all affected persons, allows such disclosure; or (iii) if the party to whom CONFIDENTIAL INFORMATION, or CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION, or CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION has been produced thereafter becomes obligated to disclose the information in response to a lawful

subpoena or other legal process, provided that the subpoenaed party gives prompt written notice to counsel for the Producing Party and provides counsel for that party at least ten (10) business days from receipt of the written notice to intervene and seek judicial protection from the enforcement of the subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

22. **INADVERTENT OR UNINTENTIONAL PRODUCTION OF PRIVILEGED LITIGATION MATERIAL**. The production of Litigation Material which a Party or non-party later claims should not have been produced because of a privilege or protection from discovery, including but not limited to the attorney-client privilege, work product privilege, joint defense privilege, and/or settlement privilege ("Inadvertently Produced Privileged Material") will not be deemed to waive any privileges. A Party or non-party may request the return of any Inadvertently Produced Privileged Material. A request for the return of any Inadvertently Produced Privileged Material shall identify the Litigation Material inadvertently or unintentionally produced and the basis for withholding such Litigation Material from production. If a Receiving Party receives Litigation Material that the Receiving Party believes may be Inadvertently Produced Privileged Material, it shall notify the Producing Party promptly after it is discovered that the Litigation Material may have been inadvertently or unintentionally produced. If a Party or non-party requests the return, pursuant to this Paragraph, of any Inadvertently Produced Privileged Material then in the custody of another party, such party shall not use or disclose, and immediately cease any prior use of, such materials and within two (2) business days return to the Receiving Party or non-party the Inadvertently Produced Privileged Material and destroy all copies thereof. No one will use the fact of production of a document over which the Producing Party later asserts privilege to argue the privilege has been waived. The return of any Inadvertently Produced Privileged Material shall not in any way preclude the Receiving Party from moving the Court for an order that: (i) the Litigation Material was never privileged or otherwise immune from disclosure; or (ii) that any applicable privilege or immunity has been waived by some act other than the production of the Litigation Material.

23. **INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION, OR
CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION, OR
CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION.**

a.      If any Litigation Material that a Party or non-party intends to designate as
DESIGNATED INFORMATION is inadvertently disclosed without being marked in accordance
with this Protective Order, the failure to so mark the Litigation Material shall not be deemed a
waiver of its confidentiality.

b.      If any DESIGNATED INFORMATION  is disclosed, through inadvertence
or otherwise, to a person or party other than a QUALIFIED PERSON, SPECIALLY QUALIFIED
PERSON or SOURCE CODE QUALIFIED PERSON, as the case may be, then the party
disclosing the information shall use its best efforts to bind such person or party to the terms of this
Protective Order and (a) such person shall be informed promptly of all the provisions of this
Protective Order by the disclosing party; (b) such person shall be identified immediately to the
party that designated the Litigation Material as DESIGNATED INFORMATION; and (c) the
person to whom disclosure was made shall be requested to sign an Agreement to Abide By
Protective Order in the form of Exhibit C hereto, which signed Agreement shall be served on the
party that designated the Litigation Material as DESIGNATED INFORMATION.  Nothing in this
Paragraph shall affect the Producing Party's remedies under this Protective Order or otherwise for
such unauthorized disclosure.

24. **RETURN OR DESTRUCTION OF DESIGNATED INFORMATION UPON
CONCLUSION OF THIS ACTION**.

a.      At the conclusion of this Action, each party subject to the terms of this
Protective Order shall assemble and return to each Producing Party all originals and reproductions
of any Litigation Material containing DESIGNATED INFORMATION within sixty (60) calendar
days of the conclusion of this Action, including notes made therefrom or summaries thereof.  In
lieu of returning Litigation Materials containing information designated as CONFIDENTIAL
INFORMATION, or CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY
INFORMATION, a party may destroy all such Litigation Material within sixty (60) calendar days

of the conclusion of this Action, provided the party electing to undertake such destruction certifies to the Producing Party in writing that it has made a reasonable and good faith effort to destroy such Litigation Material, and that all such material has been destroyed to the best of its knowledge.

b.      Notwithstanding Paragraph 24(a), Outside Litigation Counsel for each Party may retain a record including one copy of the following, irrespective of whether or not CONFIDENTIAL INFORMATION or CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION of another Party or non-party is included: (i) its correspondence file of this case; (ii) its pleadings file, including all briefs, memoranda, affidavits, supporting materials, and all papers served on the Party; (iii) any briefs and appendix on appeal; (iv) all legal research memoranda; (v) its file of deposition transcripts and accompanying exhibits; and (vi) its file of hearing and trial transcripts and accompanying exhibits.  In the instance of CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION, the foregoing exception to Paragraph 24(a) shall not apply and no partial or complete Source Code shall be retained under any circumstances absent written consent from the Producing Party.

25.    **SURVIVAL OF OBLIGATIONS.**

a.      All the provisions of this Protective Order shall survive the conclusion of this Action, and shall continue to be binding after the conclusion of this Action unless subsequently modified by agreement among the Parties or further order of the Court.

b.      "Conclusion of this Action" shall mean all appeal periods have expired and any settlement or judgment has become final.

c.      For the purposes of enforcing this Protective Order and resolving any disputes thereunder, the Court retains jurisdiction indefinitely over the parties and any persons provided access to DESIGNATED INFORMATION under the terms of this Protective Order.

26.    **VIOLATIONS SANCTIONABLE**.  All persons bound by this Protective Order are hereby notified that if this Protective Order is in any manner violated, the person or entity who commits such violation may be subject to such sanctions as the Court on motion and after a hearing deems just.

27. **RELIEF FROM PROTECTIVE ORDER**. Entry of this Protective Order shall be without prejudice to the application by any party or non-party (i) for relief from any restriction contained herein or (ii) for any order compelling or further restricting the production or use of any Litigation Material produced, furnished or disclosed in the course of discovery in this Action. The parties may amend or modify any provision of this Order by mutual agreement, which agreement shall be embodied in a written stipulation to be approved by the Court.

28. **ADDITIONAL PROTECTIONS FOR CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION**. CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION shall be subject to the additional protection of this Paragraph.

a.    Nothing in this Protective Order shall obligate the Parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

b.    Access to Source Code will be given only to SOURCE CODE QUALIFIED PERSONS.

c.    Access to Source Code shall be provided on at least two "stand-alone" computers (that is, the computers may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet and may not be connected to any printer or storage device other than the internal hard disk drive of the computer). The stand-alone computers shall be kept in a secure location at the offices of the Producing Party's Outside Litigation Counsel, or at such other location as the Producing and Receiving Parties mutually agree. Each stand-alone secure computer may be password protected and shall have the Source Code stored on a hard drive contained inside the computer. The Producing Party shall produce Source Code in computer searchable format on the stand-alone computer. Each stand-alone computer shall, at the Receiving Party's request, include reasonable analysis tools appropriate for the type of Source Code. The Receiving Party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the Producing Party so that the Producing Party may install such tools on the stand-alone computers.

d.      The Receiving Party shall make reasonable efforts to restrict its requests for access to the stand-alone secure computers to normal business hours, which for purposes of this Paragraph shall be 9:00 a.m. through 6:00 p.m.  Upon reasonable notice from the Receiving Party, which shall not be less than three (3) business days in advance, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the computers outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the Source Code at the offices of the Producing Party's Outside Litigation Counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.  The parties reserve their rights to request access to the Source Code at the site of any hearing or trial.

e.      All SOURCE CODE QUALIFIED PERSONS who will review Source Code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least seven (7) business days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any disclosure required under Paragraph 8(b) of this order.  The Producing Party shall provide these individuals with information explaining how to start, log on to, and operate the stand-alone computers in order to access the produced Source Code on the stand-alone secure computers.

f.      No person other than the Producing Party may alter, dismantle, disassemble or modify the stand-alone computers in any way, or attempt to circumvent any security feature of the computers.

g.      No copies shall be made of Source Code, whether physical, electronic, or otherwise, other than volatile copies necessarily made in the normal course of accessing the Source Code on the stand-alone computers, except for: (1) print outs of reasonable portions of the Source Code in accordance with the provisions of Paragraphs 28(h)-(i); and (2) such other uses to which the Parties may agree or that the Court may order.

h.      At the request of the Receiving Party, the Producing Party shall within five (5) business days provide one (1) hard copy print out of the specific lines, pages, or files of the Source Code that the Receiving Party believes in good faith are necessary to understand a relevant

feature of an accused product.  During the review of Source Code, if a Receiving Party believes in good faith that contemporaneous access to print-outs of particular pages of the Source Code are necessary to further the Source Code review, the Requesting Party may request and the Producing Party shall promptly provide one (1) hard copy print out of such pages.  The Receiving Party shall limit its requests for contemporaneous access to print outs to those pages actually necessary to conduct the Source Code review.

       i.      Hard copy print outs of Source Code shall be provided on watermarked or colored paper clearly labeled CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION on each page and shall be maintained by the Receiving Party's Outside Litigation Counsel or SOURCE CODE QUALIFIED PERSONS in a secured locked area.  The Receiving Party may also temporarily keep the print outs at: (i) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the print outs (e.g., a hotel prior to a Court proceeding or deposition).  No further hard copies of such Source Code shall be made and the Source Code shall not be transferred into any electronic format or onto any electronic media except that:

      1.      The Receiving Party is permitted to make up to five (5) additional hard copies for use at a deposition;

      2.      The Receiving Party is permitted to make up to five (5) additional hard copies for the Court in connection with a Court filing, hearing, or trial, and of only the specific pages directly relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered.  To the extent portions of Source Code are quoted in a Court filing, either (1) the entire document will be stamped and treated as CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION; or (2) those pages containing quoted Source Code will be separately stamped and

treated as CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION;

3.     Electronic copies of Source Code may be made as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.

4.     The Receiving Party is permitted to make up to six (6) identical CD-ROMs or DVDs that contain an electronic copy of the hard copy print-outs of Source Code provided by the Producing Party. The Receiving Party may provide five (5) of the CD-ROMs or DVDs to Qualified Consultants or Qualified Experts, who may use such CD-ROMs solely for active review of the Source Code. Prior to providing such CD-ROMs or DVDs to Qualified Consultants or Qualified Experts, the Reciving Party shall provide the sixth CD-ROM or DVD to the Producing Party and shall identify to the Producing Party the identity of each recipient of the remaining CD-ROMs or DVDs.

5.     The Producing Party shall, on request, make a searchable electronic copy of the Source Code available on a stand-alone computer during depositions of witnesses who would otherwise be permitted access to such Source Code. The Receiving Party shall make such request at the time the notice for deposition is served or ten (10) calendar days before the deposition, whichever event is earlier in time.

j.     Nothing in this Protective Order shall be construed to limit how a Producing Party may maintain material designated as CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION.

k.     Outside Litigation Counsel for the Receiving Party with custody of CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION shall maintain a source code log containing the following information: (1) the identify of each person

granted access to the CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION; and (2) the first date on which such access was granted. Outside Litigation Counsel for the Receiving Party will produce, upon request, each such source code log to the Producing Party within sixty (60) days of the final determination of this Action.

29. **DESIGNATION OF PRIOR LITIGATION MATERIALS**. To the extent Designated Materials produced under the February 7, 2005 Stipulated Protective Order entered in the matter of *TiVo, Inc. v. Echostar Communications Corp., et al.*, No. 2-04-CV-01-DF (E.D. Tex.) are re-produced in this Action ("Prior Litigation Materials") then (i) Prior Litigation Materials designated as "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be treated as CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION under the terms of this Order, and (ii) Prior Litigation Materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be treated as CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION under the terms of this Order.

30. **INVOLVEMENT IN PATENT PROSECUTION**. Any attorney, patent agent, paralegal or clerical support staff for or representing a party, whether in-house or outside counsel, that is permitted to receive CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION, who learns, in whole or in part, the other Party's CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION under this Order shall not draft or amend patent claims or patent application specifications pertaining to the CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION or the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one (1) year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to the CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in

the preparation or prosecution of any patent application pertaining to the CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION or the field of invention of the patent-in-suit. Nothing herein shall prevent, or shall be construed as preventing Outside Litigation Counsel from communicating with its client or its client's patent prosecution or reexamination counsel regarding any disclosure of litigation materials mandated by the MPEP, the United States Patent and Trademark Office, by federal law, or as otherwise required to avoid a finding of inequitable conduct. In addition to materials designated CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION the provisions of this paragraph shall also apply to materials that the producing party designates as CONFIDENTIAL - SUBJECT TO PROSECUTION BAR.

31. **LIMITATIONS ON EXPERT DISCOVERY**. Draft expert reports, expert notes relating to expert reports and their preparation, and communications between attorneys and experts relating to expert reports and deposition or trial preparation in this matter are not subject to discovery. All parties will remain free to explore on deposition the process by which an expert report was developed, provided such exploration does not seek to undermine the agreement limiting discovery of the materials listed in this paragraph.

32. **ACCESS TO REDACTED EXPERT REPORTS**. The parties shall cooperate in good faith to prepare redacted versions of expert reports that contain or refer to DESIGNATED INFORMATION so that in-house counsel of the parties with specific responsibility for the conduct of the litigation may have access to such reports as redacted.

**SIGNED this 18th day of May, 2010.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

The following counsel hereby stipulate and agree to the entry of this order:

By:        /s/

PARKER, BUNT & AINSWORTH, P.C.
Robert M. Parker
State Bar No. 15498000
rmparker@pbatyler.com
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687

Of Counsel:

IRELL & MANELLA LLP
Morgan Chu (Pro Hac Vice)
Ellisen S. Turner (Pro Hac Vice)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
eturner@irell.com

ATTORNEYS FOR PLAINTIFF TIVO INC.

By: /s/ (by permission)

BAKER BOTTS L.L.P.
Bryant C. Boren, Jr.
State of Texas Bar No. 02664100
Kevin E. Cadwell
State of Texas Bar No. 24036304
620 Hansen Way
Palo Alto, CA 94304
Telephone: 650.739.7500
Facsimile: 650.739.7699
bryant.c.boren@bakerbotts.com
kevin.cadwell@bakerbotts.com

BAKER BOTTS L.L.P.
Roger Fulghum
State of Texas Bar No. 00790724
One Shell Plaza
910 Louisiana
Houston, Texas 77002
Telephone: 713.229.1234
Facsimile: 713.229.1522
roger.fulghum@bakerbotts.com

ATTORNEYS FOR DEFENDANT AT&T
INC.

By:        /s/

GILLAM & SMITH, LLP
Harry L. Gillam, Jr.
State Bar No. 07921800
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

Of Counsel:

Chad S. Campbell
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
CSCampbell@perkinscoie.com
Telephone: 602.351.8000
Facsimile: 602.648.7000

Lauren Sliger
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, California 90067-1721
LSliger@perkinscoie.com
Telephone: 602.351.8000
Facsimile: 602.648.7000

Christopher Kao
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, California 94025-1114
Telephone: 650.838.4406
Facsimile: 650.938.4406
ckao@perkinscoie.com

ATTORNEYS FOR INTERVENOR
MICROSOFT CORPORATION

2202720

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TIVO INC., )<br><br>Plaintiff, )<br><br>vs. )<br><br>AT&T INC., )<br><br>Defendant, )<br><br>And )<br><br>MICROSOFT CORPORATION, )<br><br>Intervenor. ) | Case No. 2:09-cv-259-DF |

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, _____ being duly sworn, state that:

1.     My address is _____

_____.

2.     My present employer is _____, and the
address of my present employment is _____

_____.

3.     My present occupation or job description is _____

_____

_____.

4.     I hereby acknowledge that I have read the "Stipulated Protective Order"

("PROTECTIVE ORDER") in the above-captioned action (the "Action"), that I am familiar with

the terms thereof, and that I agree to be bound by the terms thereof.

5.      I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive information designated as CONFIDENTIAL INFORMATION, but not CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION or CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION, in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER.  I agree not to reveal any CONFIDENTIAL INFORMATION or any notes containing or reflecting CONFIDENTIAL INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any CONFIDENTIAL INFORMATION for any purpose other than directly associated with my duties in this litigation.

6.      I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting CONFIDENTIAL INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER. I understand that all copies of any such materials are to remain in my custody until the conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party.  Such return or destruction shall not relieve me from the obligations imposed upon me by said PROTECTIVE ORDER.  I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any CONFIDENTIAL INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.

7.      I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Eastern District of Texas in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.

Signature: _____

Date: _____

2202720

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:09-cv-259-DF |
| vs. | ) | |
| | ) | |
| AT&T INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Intervenor. | ) | |
| _____ | ) | |

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, _____ being duly

sworn, state that:

    1.    My address is _____

_____.

    2.    My present employer is _____, and the

address of my present employment is _____

_____.

    3.    My present occupation or job description is _____

_____

_____.

4.     I have attached hereto my current curriculum vitae and, to the best of my knowledge, a complete list of any present or former relationships or engagements between myself and any party to the above-captioned action (the "Action") or any known competitor thereof.

5.     I hereby acknowledge that I have read the "Stipulated Protective Order" ("PROTECTIVE ORDER") in this Action, that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

6.     I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive information designated as CONFIDENTIAL INFORMATION, CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION, or CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION (collectively, "DESIGNATED INFORMATION") in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER.  I agree not to reveal any DESIGNATED INFORMATION or any notes containing DESIGNATED INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any DESIGNATED INFORMATION for any purpose other than directly associated with my duties in this litigation.

7.     I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting DESIGNATED INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER. I understand that all copies of any such materials are to remain in my custody until the conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party.  Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.  I understand that material designated as or reflecting CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION is subject to the additional restrictions listed in the PROTECTIVE ORDER and that I am familiar with and agree to abide by those restrictions.  I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER

and of their obligation not to reveal any CONFIDENTIAL INFORMATION or CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.  I also agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) that they may not access CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION pursuant to the terms of the PROTECTIVE ORDER.

8.      I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Eastern District of Texas in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.

Signature: _____

Date:  _____

EXHIBIT C
Inadvertent Disclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:09-cv-259-DF |
| vs. | ) | |
| | ) | |
| AT&T INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Intervenor. | ) | |
| | ) | |

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, _____ being duly sworn, state that:

1.    My address is _____

_____.

2.    My present employer is _____, and the

address of my present employment is _____

_____.

3.    My present occupation or job description is _____

_____

_____.

4.    I represent non-party _____

_____.

2202720

5.      I hereby acknowledge that I have read the "Stipulated Protective Order" ("PROTECTIVE ORDER") in the above-captioned action (the "Action"), that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

6.      I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I received information designated as CONFIDENTIAL INFORMATION, CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION, or CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION (collectively, "DESIGNATED INFORMATION") in this Action, and certify my understanding that such information is subject to the terms and restrictions of the PROTECTIVE ORDER.  I agree not to reveal any DESIGNATED INFORMATION or any notes containing DESIGNATED INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any DESIGNATED INFORMATION for any purpose.

7.      I understand that all copies of any such materials are to be destroyed or returned to the Producing Party.  Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.

8.      I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Eastern District of Texas in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.

Signature: _____

Dated:  _____

41826-0011/LEGAL17992657.3