**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TIVO INC., | § | |
| | § | |
| Plaintiff, | § | Case No.  2:09-CV-0259 |
| | § | |
| vs. | § | |
| | § | |
| AT&T INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| MICROSOFT CORPORATION, | § | |
| | § | |
| Intervenor. | § | |

**MOTION OF MICROSOFT CORP., AT&T INC., AND PENDING-INTERVENOR**
**AT&T OPERATIONS, INC. TO SEVER AND STAY**

## Table of Contents

Table of Contents ........................................................................................................... i

Table of Authorities ...................................................................................................... ii

INTRODUCTION ......................................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 3

I.    Summary of the Prior Proceedings ....................................................................... 3

II.   TiVo's Claims Target the "U-Verse Product and/or Service," Which is the
      Responsibility of AT&T Operations ..................................................................... 3

LEGAL STANDARD ................................................................................................... 4

ARGUMENT ................................................................................................................ 5

I.    Severing the Claims Involving Microsoft and AT&T Operations is Appropriate ................. 5

      A.   First *Shifferaw* Factor:  The Claims Involving AT&T Inc. are Peripheral to the
           Other Claims .............................................................................................. 6

           1.   AT&T Inc. is Not Directly Involved in the Operation of U-verse DVRs ........... 6

           2.   Infringement by AT&T Operations is a Predicate for Any Infringement
                by AT&T Inc. ...................................................................................... 8

      B.   Second *Shifferaw* Factor:  Adjudication of Claims Involving Microsoft and AT&T
           Operations Would Dispose of Claims Involving AT&T Inc. ................................. 9

      C.   Third *Shifferaw* Factor:  The § 1404 Factors Warrant Transfer of the Severed
           Claims .................................................................................................... 10

II.   After Severance, the Court Should Stay the Proceedings Involving AT&T Inc. .............. 11

CONCLUSION ............................................................................................................ 11

## Table of Authorities

**Cases**                                                                              **Page(s)**

*Anderson v. Red River Waterway Comm'n,*
231 F.3d 211 (5th Cir. 2000) ...................................................................................6

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009)...........................................................................................8

*Bell Atlantic v. Twombly,*
127 S. Ct. 1955 (2007)...........................................................................................8

*Corry v. CFM Majestic Inc.,*
16 F.Supp.2d 660 (E.D. Va. 1998) ..............................................................5, 7, 11

*Dynacore Holdings Corp. v. U.S. Phillips Corp.,*
363 F.3d 1263 (Fed. Cir. 2004)..............................................................................9

*Elan Microelecs. Corp. v. Apple, Inc.,*
No. 9-CV-1531, 2009 WL 2972374 (N.D. Cal. Sep. 14, 2009) ................................8

*Gold v. Burton Corp.,*
949 F. Supp. 208 (S.D.N.Y. 1996)..........................................................................4

*Koh v. Microtek Int'l, Inc.,*
250 F. Supp. 2d 627 (E.D. Va. 2003) ...........................................................4, 7, 11

*Landis v. North American Co.,*
57 S. Ct. 163 (1936)..............................................................................................11

*LG Elecs., Inc. v. Advance Creative Computer Corp.,*
131 F. Supp. 2d 804 (E.D. Va. 2001) .....................................................................4

*LG Elecs., Inc. v. Asustek Computers,*
126 F. Supp.2d 414 (E.D. Va. 2000) ..........................................................4, 7, 8, 9

*LG Elecs., Inc. v. First Int'l Computer, Inc.,*
138 F. Supp. 2d 574 (D. N.J. 2001) .....................................................4, 7, 8, 11

*Quanta Computer, Inc. v. LG Elecs., Inc.,*
553 U.S. 617 (2008)................................................................................................9

*Shifferaw v. Emson USA,*
No. 2:09-CV-54, 2010 WL 1064380 (E.D. Tex. March 18, 2010) ..............4, 5, 6, 7, 9, 10, 11

*Siemens Aktiengesellschaft v. Sonotone Corp.*,
    370 F. Supp. 970 (N.D. Ill. 1973) .........................................................................4, 5, 7, 8, 11

*Teleconference Sys. v. Proctor & Gamble Pharmaceuticals, Inc.*,
    676 F. Supp. 2d 321 (D. Del. 2009)..........................................................................................4

*Toshiba Corp. v. Hynix Semiconductor, Inc.*,
    No. 3:04-CV-2391, 2005 WL 2415960 (N.D. Tex. Sept. 30, 2005) .............................4, 7, 11

*Two-Way Media LLC v. AT&T Inc.*,
    636 F.Supp.2d 527 (S.D. Tex. 2009) ...................................................................................10, 11

**Rules, Regulations, and Statutes**

28 U.S.C. § 1404(a) ................................................................................................1, 2, 4, 5, 6, 7

35 U.S.C. § 271(a) ..................................................................................................................8

Fed. R. Civ. P. 21 ...................................................................................................................5

Fed. R. Civ. P. 24 ...................................................................................................................1

Microsoft Corporation moved to transfer this case under 28 U.S.C. § 1404(a) to the more convenient forum of the Northern District of California.  AT&T Operations, Inc. ("AT&T Operations"), with its motion to intervene as the real party in interest pending, joined in Microsoft's motion to transfer.  Microsoft, AT&T Inc., and AT&T Operations ask the Court to sever the claims involving Microsoft and AT&T Operations,[1] grant Microsoft's motion to transfer those severed claims to the Northern District of California, and stay the remaining proceeding involving AT&T Inc. in this Court pending adjudication of the transferred claims. Severance is warranted because AT&T Inc. is peripheral to the underlying dispute, which concerns devices provided by a different AT&T entity.  Severance is also a necessary predicate to the transfer of claims pertaining to Microsoft (and if the motion to intervene is granted, AT&T Operations) because California courts lack personal jurisdiction over AT&T Inc.

## INTRODUCTION

TiVo's infringement claims concern U-verse digital video recorder (DVR) set-top boxes.  Although TiVo named AT&T Inc. as the defendant, AT&T Inc. is only a holding company.  It has no employees, sales representatives, or distributors.  It does not design, manufacture, use, distribute, import, offer to sell, or sell any product or service, including the U-verse DVRs at issue.  Therefore, Defendant AT&T Inc. is not the real party in interest in this lawsuit.

AT&T Operations is the entity ultimately responsible for U-verse, and it moved to intervene in this lawsuit pursuant to Rule 24 of the Federal Rules of Civil Procedure.  Because AT&T Operations' responsibility for U-verse includes responsibility for the provision of the

---

[1]   Although AT&T Operations is not yet a party to the action, AT&T Inc., AT&T Operations, and Microsoft anticipate that the Court will rule on AT&T Operations' pending Motion to Intervene before addressing the merits of this Motion to Sever and Stay.

U-verse DVR set-top boxes, AT&T Operations is the proper party to defend against TiVo's allegations of infringement.

Soon after AT&T Operations' motion to intervene, and concurrently with the filing of this motion to sever and stay, Microsoft filed a motion to transfer the case under 28 U.S.C. § 1404(a) to the Northern District of California.[2]  Although the Northern District of California is clearly a more convenient forum for the parties involved, defendant AT&T Inc. is not subject to personal jurisdiction in California.  [*See* Decl. of Thomas Koch at ¶¶ 5–11.]  Thus, the same facts that make it impossible for AT&T Inc. — as a holding company with no product-related business activities — to infringe the asserted patents also prevent this Court from transferring AT&T Inc. to the forum that is clearly more convenient for the real parties involved.

Because AT&T Inc. is, at most, only peripherally involved[3] in the facts underlying this litigation, it would be unjust to allow its presence in the case to defeat Microsoft's motion to transfer to a clearly more convenient forum.  AT&T Inc. asks that the Court sever the claims involving Microsoft and AT&T Operations, grant Microsoft's motion to

---

[2]  The Northern District of California is home to the developers of the software responsible for the accused functionality, Plaintiff's headquarters, and Plaintiff's witnesses.  Conversely, no persons involved with the DVR aspects of the U-verse service are based in or near Marshall or Texarkana.  No potential witnesses, document custodians, documents, or other evidence regarding the U-verse DVR set-top boxes are located within 100 miles of Marshall or Texarkana.  As a result, the requested transfer will promote the interests of justice by relocating the causes of action to a clearly more convenient venue.

[3]  AT&T Inc. reserves the right to seek full dismissal from this case on the grounds that it does not and cannot engage in any conduct relevant to the alleged infringement.  AT&T Inc. is merely a holding company that has no involvement with the U-verse service or the U-verse set-top boxes.  Accordingly, AT&T Inc. maintains that it is not even peripherally involved in the facts underlying the lawsuit.  For purposes of the motion to transfer, AT&T Inc. will not contest TiVo's only argument for including AT&T Inc. in this case — that AT&T Inc. is a peripheral party.  But as set forth in detail below, when a plaintiff brings claims against a party that is only peripherally involved, the law allows the court to sever the main parties for purposes of analyzing a motion to transfer.

transfer the severed claims, and stay the proceedings involving AT&T Inc. pending adjudication of the transferred claims.

## STATEMENT OF FACTS

### I.      Summary of the Prior Proceedings.

TiVo filed its Complaint against AT&T Inc. on August 26, 2009, alleging infringement of U.S. Patent No. 6,233,389 ("the '389 patent"), U.S. Patent No. 7,493,015 ("the '015 patent"), and U.S. Patent No. 7,529,465 ("the '465 patent") (collectively, "the asserted patents"). [Dkt. 1.] AT&T Inc. filed its answer on October 21, 2009. [Dkt. 19.] On January 15, 2010, Microsoft filed a Motion to Intervene and a Complaint in Intervention seeking declaratory judgments of non-infringement and invalidity of the asserted patents. [Dkt. 22, 23.] The Court granted Microsoft's Motion on March 31, 2010. [Dkt. 41.]

### II.     TiVo's Claims Target the "U-verse Product and/or Service," Which is the Responsibility of AT&T Operations

TiVo has asserted three patents in this lawsuit. Each patent concerns features of a DVR. TiVo has alleged that AT&T Inc. infringes the asserted patents because of AT&T Inc.'s distribution of U-verse DVRs. [Ex. A (Ex. B to contentions).] AT&T Inc. is a holding company. [Decl. of Thomas Koch at ¶ 5.] It does not design, manufacture, distribute, or sell *any* product or service, including the accused U-verse DVR set-top boxes and the U-verse IPTV service. [*Id.* at ¶ 7.] As a holding company that does not make, use, offer for sale, sell, or import any product, including U-verse, AT&T Inc. is not the real party in interest in this case. Rather, AT&T Operations (the entity ultimately responsible for U-verse and the provision of the U-verse DVR set-top boxes) is the proper party to defend the U-verse product and service against TiVo's patent infringement allegations. [Decl. of Jeff Weber at ¶ 4.]

**LEGAL STANDARD**

In determining whether to sever and transfer, courts consider three factors: (1) whether the remaining claims are "peripheral" to the severed claims; (2) whether adjudication of the severed claims (here, the claims pertaining to Microsoft and AT&T Operations) would potentially dispose of the remaining claims; and (3) whether the § 1404(a) factors warrant transfer of the severed claims. *Shifferaw v. Emson USA*, No. 2:09-CV-54, 2010 WL 1064380 at * 1 (E.D. Tex. March 18, 2010) (J. Everingham); *Teleconference Sys. v. Proctor & Gamble Pharmaceuticals, Inc.*, 676 F. Supp. 2d 321, 330 (D. Del. 2009); *Toshiba Corp. v. Hynix Semiconductor, Inc.*, No. 3:04-CV-2391, 2005 WL 2415960 at * 4-7 (N.D. Tex. Sept. 30, 2005); *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 632 (E.D. Va. 2003); *LG Elecs., Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 584 (D.N.J. 2001); *LG Elecs., Inc. v. Asustek Computers*, 126 F. Supp.2d 414, 421-22 (E.D. Va. 2000).

Once claims are severed and transferred, courts routinely stay claims against the peripheral parties pending the resolution of the severed claims. *See, e.g., Shifferaw*, 2010 WL 1064380 at * 6; *Toshiba Corp.*, 2005 WL 2145960 at * 8; *Koh*, 250 F. Supp. 2d at 637; *Asustek Computers*, 126 F. Supp. 2d at 422; *LG Elecs., Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 811 (E.D. Va. 2001); *Gold v. Burton Corp.*, 949 F. Supp. 208, 210 (S.D.N.Y. 1996); *Siemens Aktiengesellschaft v. Sonotone Corp.*, 370 F. Supp. 970, 972 (N.D. Ill. 1973). Accordingly, once the claims against Microsoft and AT&T Operations are severed and transferred, the claims against AT&T Inc. should be stayed pending resolution of the transferred claims. Staying this action against AT&T Inc. would conserve judicial and party resources and allow the litigation to continue between the patent holder (TiVo) and the parties responsible for the technology incorporated into and the distribution of the accused products (Microsoft and AT&T Operations).

TiVo's naming of AT&T Inc. as a defendant improperly prevents transfer of this lawsuit to a clearly more convenient forum.  Severance, however, provides a remedy for this Court to stay the action against a peripheral party, while allowing this Court to transfer the parties with actual involvement to a clearly more convenient forum.  "Without the remedy of severance, courts would be powerless to prevent a plaintiff from manipulating the system by joining a peripherally connected defendant to the main action for the sole purpose of 'accentuating the burdens of trial upon a defendant who otherwise would have been entitled to a § 1404(a) transfer.'"  *Corry v. CFM Majestic Inc.*, 16 F.Supp.2d 660, 664 (E.D.Va. 1998); *see also Siemens AG v. Sonotone Corp.*, 370 F.Supp. 970 (N.D.Ill. 1973) ("Were the rule otherwise, 'a plaintiff could preclude the court from considering whether transfer would serve the interest of justice by including a defendant, not subject to suit in the more convenient district, who was in some manner peripherally involved in the alleged wrongdoing.'").  In this lawsuit, the allegations of infringement, the status of AT&T Inc. as a holding company, and the balance of convenience factors dictate that this Court should sever and stay this action with respect to AT&T Inc., and transfer this action to the Northern District of California with respect to Microsoft and AT&T Operations.

## ARGUMENT

### I.      Severing the Claims Involving Microsoft and AT&T Operations is Appropriate.

Severing the claims involving Microsoft and AT&T Operations from the claims involving AT&T Inc. is appropriate in this case because AT&T Inc. is not the real party in interest.  Rule 21 of the Federal Rules of Civil Procedure permits a court to sever any claim against a party.  Fed. R. Civ. P. 21; *see also Shifferaw v. Emson USA*, No. 2:09-cv-54, 2010 WL 1064380, at *1 (E.D.Tex. Mar. 18, 2010).  Indeed, a district court "has broad discretion when

deciding whether to sever." *Id.* (citing *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000)).

The facts in *Shifferaw* are similar to the facts of this case. In *Shifferaw*, the defendants moved to transfer the case from the Eastern District of Texas to the Southern District of New York under § 1404(a). *Shifferaw*, 2010 WL 1064380, at *1. Because New York lacked personal jurisdiction over one of the defendants, the *Shifferaw* defendants moved to sever the plaintiff's infringement claims against one defendant and transfer the remaining claims to New York. *Id.* Additionally, the *Shifferaw* defendants moved to stay the proceedings in Texas pending resolution of the action in New York. *Id.* The district court granted this relief, severing and staying the action against the peripheral defendant and transferring the remainder of the action to New York. In *Shifferaw*, the court held that severance is permitted "if three factors are met: (1) whether the remaining claims are peripheral to the severed claims; (2) whether adjudication of the severed claims would potentially dispose of the remaining claims; and (3) whether the § 1404(a) factors warrant transfer of the severed claims." *Id.*

**A.     First *Shifferaw* Factor: The Claims Involving AT&T Inc. are Peripheral to the Other Claims.**

Because AT&T Inc. is not involved in the operations of U-verse DVRs, and because infringement by AT&T Operations is a predicate for any infringement by AT&T Inc., TiVo's claims against AT&T Inc. are peripheral in this lawsuit.

**1.   AT&T Inc. is Not Directly Involved in the Operation of U-verse DVRs**

Analysis of a motion to sever "properly begins with recognition of the principle that when venue or personal jurisdiction in a transferee district is not proper for a defendant who is only *indirectly connected* to the main claims, the transferor court may sever the claims as to that defendant and transfer the remaining claims to a more convenient forum pursuant to §

1404(a)." *Corry v. CFM Majestic Inc.*, 16 F.Supp.2d 660, 664 (E.D.Va. 1998) (emphasis added). "A key element for the court to consider . . . is the *degree* of the severed defendant's involvement in the transaction" that gives rise to the claims. *Toshiba Corp. v. Hynix Semiconductor, Inc.*, No. 3:04-cv-2391, 2005 WL 2415960, *4 (N.D.Tex. Sep. 30, 2005) (emphasis added).

District courts have held that patent infringement claims against resellers, retailers, and distributors are peripheral to the main infringement action. *See, e.g.*, *LG Elecs., Inc. v. Asustek Computers*, 126 F.Supp.2d 414 (E.D.Va. 2000); *Koh v. Microtek Int'l, Inc.*, 250 F.Supp.2d 627 (E.D.Va. 2003); *Siemens*, 370 F.Supp. 970. In determining whether such claims are peripheral, courts have emphasized the lack of direct involvement by the party. *See, e.g.*, *LG Elecs., Inc. v. First Int'l Computer*, 138 F.Supp.2d 574, 585 (D.N.J. 2001) ("[Reseller] does not manufacture or distribute any infringing products."); *Shifferaw*, 2010 WL 1064380, at *3 ("Shifferaw has presented no evidence . . . that the Retailer Defendants had any role in the design or manufacture of the accused products."); *Toshiba*, 2005 WL 2415960, at *5 ("Specifically, the evidence shows that neither Nova nor Millenium [sic] solicited orders for any of the accused NAND devices in Texas; nor did they design, manufacture, test or sell any of the accused NAND flash memory devices."); *Siemens*, 370 F.Supp. at 972 ("The distributor in no way participates in the manufacture of the allegedly infringing devices").

For the same reasons, the claims involving AT&T Inc. are peripheral to the claims involving the other parties. AT&T Operations is responsible for U-verse and, in particular, the U-verse DVR set-top boxes. In contrast, AT&T Inc. is only a holding company and does not perform any act cognizable as infringement of the patents-in-suit. [Decl. of Tom Koch at ¶¶ 5 and 7.] TiVo has not produced, and cannot produce, evidence supporting the bare assertions in

its Complaint that AT&T Inc. directly infringes the asserted patents or is involved in any way with the design, manufacture, or distribution of the U-verse DVRs.  [Dkt. 1.]  TiVo cannot produce evidence showing that AT&T Inc. has the employees, sales representatives, or distributors required to perform an act of direct infringement.  Instead, TiVo's Complaint merely copies the general language found in 35 U.S.C. § 271(a) without any factual support.

Any claim that AT&T Inc. indirectly infringes (or infringes under Section 271(f)) the asserted patents is similarly unsupported.  TiVo's claims are merely formulaic recitations of the elements of the respective causes of action and provide no more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Elan Microelecs. Corp. v. Apple, Inc.*, No. 9-cv-1531, 2009 WL 2972374 (N.D.Cal. Sep. 14, 2009) (holding that indirect infringement claims must comply with the heightened pleading standards of *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007), and *Iqbal*, 129 S. Ct. 1937).  TiVo provides no factual basis for its accusations that AT&T Inc. has performed any act in connection with U-verse.

## 2. Infringement by AT&T Operations is a Predicate for Any Infringement by AT&T Inc.

In determining whether a claim or party is peripheral, courts also focus on whether the party could only be liable if a primary party is found to infringe an asserted patent. *See First Int'l Computer*, 138 F.Supp.2d at 585 ("Expert would only be liable for selling the infringing products if a court were to find that FIC and FICA infringed the Patents. Thus, LGE's claim against Expert is peripheral to its claims against FIC and FICA."); *see also Siemens*, 370 F.Supp. at 972 (noting that the distributor "could only be liable if Sonotone is found to be infringing plaintiff's patent" and holding that the claims were peripheral); *Asustek Computers*, 126 F.Supp.2d at 422 (same).

Because AT&T Inc. does not make, use, or sell DVRs, any liability for infringement must be premised on the activities of AT&T Operations, the entity responsible for U-verse. AT&T Inc. can only be liable for indirect infringement if AT&T Operations, through the U-verse product and service, directly infringes the asserted patents. *See Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement."). If direct infringement is shown in this lawsuit, direct infringement will be shown against AT&T Operations. The presence of AT&T Inc. is superfluous, demonstrating that TiVo's claims against AT&T Inc. are peripheral.

**B.     Second *Shifferaw* Factor: Adjudication of Claims Involving Microsoft and AT&T Operations Would Dispose of Claims Involving AT&T Inc.**

Adjudication of the claims involving Microsoft and AT&T Operations would necessarily dispose of the claims involving AT&T Inc. A finding in the transferee court that the manufacture, use, or distribution of the U-verse set-top boxes does or does not infringe the asserted patents will dispose of the infringement claims against AT&T Inc. If the transferee court finds that U-verse DVRs infringe, TiVo can "obtain the substance of the relief it seeks" from AT&T Operations. If TiVo collects its damages from AT&T Operations, TiVo cannot then collect damages from AT&T Inc. for those same infringing devices. *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617 (2008); *see also Asustek Computers*, 126 F.Supp.2d at 422 ("If the court does find them liable, and allows LGE to collect royalties from Asustek and Asus, LGE cannot then in turn collect royalties from the entity to whom the infringer sells the product."). Similarly, a finding in the transferee court that the asserted patents are invalid will dispose of the claims against AT&T Inc.

As part of this motion, AT&T Inc. will stipulate to be bound by any rulings of the transferee court concerning U-verse DVR set-top boxes or the asserted patents, including a ruling that the set-top boxes infringe an asserted patent or that the asserted patents are not invalid.  *See Shifferaw*, 2010 WL 1064380, at *3 ("Further, the fact that the Retailer Defendants will stipulate that they will be bound by the rulings by the Southern District of New York court in the case against Mishan *weighs heavily* towards a finding that adjudication of the claims against Mishan would likely dispose of the rest of the case.") (emphasis added).  Resolution of TiVo's claims in the transferee court will necessarily resolve TiVo's stayed claims against AT&T Inc.

**C.     Third *Shifferaw* Factor: The § 1404 Factors Warrant Transfer of the Severed Claims.**

AT&T Operations joined Microsoft's motion to transfer the case to the Northern District of California.  Without repeating the substance of the transfer motion here, transfer will promote the interests of justice by relocating the causes of action to a clearly more convenient venue.  The developers of Microsoft Mediaroom software (the software responsible for the functionality of the U-verse DVR set-top boxes) are located in the Northern District of California.  TiVo's corporate headquarters and all of its witnesses are located in the Northern District of California.

Conversely, no persons involved with U-verse DVRs are based in or near Marshall or Texarkana.  [Decl. of Eddy Barker at ¶ 6.]  No potential witnesses, document custodians, documents, or other evidence regarding U-verse DVRs are located within 100 miles of Marshall or Texarkana.  [*Id.* at ¶ 7.]  The U-verse IPTV service is not available for purchase in anywhere within 100 miles of Marshall or Texarkana.  [*Id.* at ¶ 11.]  Jurors of the Marshall or Texarkana Divisions "should not be burdened with hearing disputes arising from the patents at issue which undisputedly have no relation to their community."  *See Two-Way Media LLC v.*

*AT&T Inc.*, 636 F.Supp.2d 527, 540 (S.D. Tex. 2009).  For the reasons stated in the pending motion to transfer, Microsoft and AT&T Operations request that this Court transfer the claims involving Microsoft and AT&T Operations to the Northern District of California.

**II.      After Severance, the Court Should Stay the Proceedings Involving AT&T Inc.**

Courts that grant motions to sever in similar circumstances almost universally stay the proceedings against the severed party.  *See, e.g.*, *First Int'l Computer*, 138 F.Supp.2d 574; *Shifferaw*, 2010 WL 1064380; *Koh*, 250 F.Supp.2d 627; *Toshiba*, 2005 WL 2415960; *Corry*, 16 F.Supp.2d 660; *Siemens*, 370 F.Supp. 970.  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for the litigants."  *Corry*, 16 F.Supp.2d at 666 (quoting *Landis v. North American Co.*, 57 S. Ct. 163, 166 (1936)).

Because AT&T Inc. stipulates to be bound by the findings in the transferee court concerning the patents-in-suit and accused devices, staying the proceedings will be in the interests of justice by avoiding duplicative litigation and conserving the economy and effort of the Court, the attorneys, and the parties.

<u>**CONCLUSION**</u>

For the foregoing reasons, Microsoft, AT&T Inc., and AT&T Operations request that the Court sever the claims involving Microsoft and AT&T Operations, grant Microsoft's motion to transfer the severed claims to the Northern District of California, and stay the proceedings involving AT&T Inc. in this Court pending adjudication of the transferred claims.

Date: May 28, 2010                     Respectfully submitted,

                                        By:  */s/ Bryant C. Boren, Jr.*
                                             Bryant C. Boren, Jr., Attorney-in-charge
                                             State Bar No. 02664100
                                             Email:  bryant.c.boren@bakerbotts.com
                                             Kevin E. Cadwell
                                             State of Texas Bar No. 24036304
                                             Email:  kevin.cadwell@bakerbotts.com
                                             BAKER BOTTS L.L.P.
                                             620 Hansen Way
                                             Palo Alto, CA 94304
                                             Telephone:  650.739.7500
                                             Facsimile:  650.739.7699

                                             Roger Fulghum
                                             State Bar No. 00790724
                                             Email:  roger.fulghum@bakerbotts.com
                                             Lisa Kelly
                                             State Bar No. 24041659
                                             Email:  lisa.kelly@bakerbotts.com
                                             BAKER BOTTS L.L.P.
                                             One Shell Plaza
                                             910 Louisiana
                                             Houston, Texas 77002
                                             Telephone:  713.229.1234
                                             Facsimile:  713.229.1522

                                             Lance Lee
                                             Young, Pickett & Lee
                                             State Bar No. 24004726
                                             Email:  wlancelee@aol.com
                                             4122 Texas Blvd.
                                             P.O. Box 1897
                                             Texarkana, Texas  75504
                                             Telephone:  903.794.1303
                                             Facsimile:  903.792.5098

                                             **ATTORNEYS FOR DEFENDANT
                                             AT&T INC. AND AT&T OPERATIONS**

                                        By:  */s/ Harry L. Gillam, Jr.*
                                             Harry L. Gillam, Jr.,
                                             State Bar No. 07921800
                                             Email:  gil@gillamsmithlaw.com
                                             GILLAM & SMITH, LLP
                                             303 South Washington Avenue

Marshall, Texas 75670
Telephone:  903.934.8450
Facsimile:  903.934.9257

Chad S. Campbell
PERKINS COIE BROWN & BAIN PA
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
CSCampbell@perkinscoie.com
Telephone:  602.351.8000
Facsimile:  602.648.7000
(Admitted Pro Hac Vice)

Lauren Sliger
PERKINS COIE BROWN & BAIN PA
1888 Century Park E., Suite 1700
Los Angeles, California 90067-1721
LSliger@perkinscoie.com
Telephone:  602.351.8000
Facsimile:  602.648.7000
(Admitted Pro Hac Vice)

Christopher Kao
PERKINS COIE BROWN & BAIN PA
101 Jefferson Drive
Menlo Park, California 94025-1114
CKao@perkinscoie.com
Telephone:  650.838.4406
Facsimile:  650.938.4406
(Admitted Pro Hac Vice)

**ATTORNEYS FOR INTERVENOR
MICROSOFT CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2010, all counsel of record were served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/  Roger Fulghum*
Roger Fulghum

## CERTIFICATE OF CONFERENCE

I certify that counsel for AT&T Inc., AT&T Operations, Inc., Microsoft Corporation, and TiVo Inc. have complied with the meet and confer requirement in Local Civil Rule CV-7(h).  This motion is opposed.  The personal conference required by Local Civil Rule CV-7(h) was conducted on May 28, 2010 by telephone.  Roger Fulghum participated for AT&T Inc. and AT&T Operations, Inc.  Chad Campbell participated for Microsoft Corporation.  Ellisen Turner participated for TiVo Inc. An agreement was not reached because the parties have opposing views on the relief requested by this motion.  The discussions have conclusively resulted in an impasse, leaving for the Court to decide the motion.  Counsel for TiVo Inc. agreed that the parties complied with their obligations for conference on this motion.

By:  */s/* Roger Fulghum