IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| TIVO INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:09-cv-259-DF |
| | ) |
| 1. AT&T INC.; | ) |
| 2. AT&T OPERATIONS, INC.; | ) JURY TRIAL DEMANDED |
| 3. AT&T SERVICES, INC.; | ) |
| 4. AT&T VIDEO SERVICES, INC.; | ) |
| 5. SBC INTERNET SERVICES, INC.; | ) |
| 6. SOUTHWESTERN BELL TELEPHONE COMPANY. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| and | ) |
| | ) |
| MICROSOFT CORPORATION, | ) |
| | ) |
| Intervenor. | ) |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT
AND JURY DEMAND**

Plaintiff TiVo Inc. ("Plaintiff" or "TiVo") hereby pleads the following claims for patent infringement against Defendants AT&T Inc., AT&T Operations, Inc., AT&T Services, Inc., AT&T Video Services, Inc., SBC Internet Services, Inc., and Southwestern Bell Telephone Company (collectively, "AT&T" or "Defendants"), and alleges as follows:

2156020.4 01

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et seq., including § 271. This Court has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendants because, among other reasons, Defendants have done business in this District, have committed and continue to commit acts of patent infringement in this District, and have harmed and continue to harm Plaintiff TiVo in this District, by, among other things, using, selling and offering for sale infringing products in this District. Moreover, on information and belief, the Defendants have placed infringing products into the stream of commerce by shipping those products into this District or knowing that the products would be shipped into this District.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b)-(c) because, among other reasons, Defendants are subject to personal jurisdiction in this District and have committed acts of infringement in this District. On information and belief, Defendants have sold and distributed infringing products in this District.

## PARTIES

4. Plaintiff TiVo, a pioneer in home entertainment, created the first commercially viable digital video recorder ("DVR"). TiVo owns patents to protect its innovative ideas that revolutionize the way consumers access home entertainment. TiVo is a Delaware corporation with a principal place of business in Alviso, California.

5. Defendant AT&T Inc. is a Delaware corporation with a principal place of business at 208 S. Akard Street, Dallas, Texas 75202.

6. Defendant AT&T Operations, Inc. ("AT&T Operations") is a Delaware corporation with a principal place of business at 530 McCullough Avenue, San Antonio, Texas 78205. AT&T Operations was formerly known as SBC Operations, Inc., and is a wholly owned subsidiary of AT&T Inc.

7. Defendant AT&T Services, Inc. ("AT&T Services") is a Delaware corporation with a principal place of business at 175 E. Houston, San Antonio, Texas 78205. AT&T Services was formerly known as SBC Services, Inc., and is a wholly owned subsidiary of AT&T Inc.

8. Defendant AT&T Video Services, Inc. ("AT&T Video") is a Delaware corporation with a principal place of business at 1010 N. Saint Mary's Street, San Antonio, Texas 78215. AT&T Video Services does business under at least the following names: AT&T Home Entertainment and SBC Home Entertainment. AT&T Video Services is a wholly owned subsidiary of AT&T Inc.

9. SBC Internet Services, Inc. ("SBC Internet") is a California corporation with a principal place of business at 1010 N. Saint Mary's St., San Antonio, Texas 78215. SBC Internet Services does business under at least the following names: AT&T Entertainment Services, AT&T Internet Services, and Pacific Bell Internet Services. SBC Internet Services is a wholly owned subsidiary of AT&T Inc.

10. Southwestern Bell Telephone Company ("Southwestern Bell") is a Missouri corporation with a principal place of business at One AT&T Plaza, 208 S. Akard St., Dallas, Texas 75202. Southwestern Bell does business under at least the following names: AT&T Arkansas, AT&T Kansas, AT&T Missouri, AT&T Oklahoma, AT&T Texas, AT&T Southwest, AT&T DataComm, and AT&T Wholesale. Southwestern Bell is a wholly owned subsidiary of AT&T Inc.

11. Defendants provide television and DVR services, for example, through AT&T's infringing U-verse service in many cities and communities. Defendants are collectively and/or individually liable for providing the infringing products and/or services. For example, AT&T Inc. approves and authorizes capital expenditure by its subsidiaries necessary to provide the U-verse service to consumers. As another example, AT&T Operations and AT&T Services are involved in design, development, integration, testing, commercial introduction, marketing, and/or financial reporting for the U-verse service. As a further example, SBC Internet provides

standards and equipment specifications for equipment used in conjunction with the U-verse service. Also, AT&T Video is/was a re-seller of EchoStar's infringing Dish Network DVR service. Southwestern Bell makes the U-verse products and services available to consumers in specific cities and communities.

12. The case of *Two-Way Media LLC v. AT&T Inc., et al.*, Case No. 5:09-cv-00476-OLG ("the *Two-Way Media* case") is pending in U.S. District Court for the Western District of Texas. Among other entities, AT&T Inc., AT&T Operations, AT&T Services, SBC Internet, and Southwestern Bell are or were parties to the *Two-Way Media* case. On December 18, 2009, at Docket No. 285 of the *Two-Way Media* case, a stipulated order issued stating:

> …
> 3. For purposes of proving infringement and damages in this action, a single entity shall be deemed to own and operate the U-Verse service, and all the facilities used to provide it; and that same entity shall be deemed to earn all the revenues derived from U-Verse. Said entity shall be referred to as "AT&T" in all submissions to the jury, which shall be further instructed to disregard any reference to corporate distinctions among AT&T Inc., its subsidiaries, and/or its affiliates that may appear in the record.
> 4. AT&T Operations, Inc., shall be liable for any damages awarded to plaintiff from "AT&T" by reason of any finding of infringement of the patents in suit by the U-Verse system as a whole, or any portion thereof, including infringement arising in whole or in part from the activities of the non-party regional carrier subsidiaries of AT&T Inc. The remaining and dismissed defendants shall be deemed, jointly and severally, guarantors of payment of any final judgment awarding damages to plaintiff.
> …

*Two-Way Media LLC v. AT&T Inc., et al.*, Case No. 5:09-cv-00476-OLG (W.D. Tex.) at Dkt. No. 285 (Stipulated Order).

13. On information and belief, U-verse network deployment reached 17 million living units as of year-end 2008, and AT&T is marketing the U-verse service to almost 65 percent of those units. On information and belief, AT&T provides the U-verse service in over 16 states to over a million customers, including customers in the Eastern District of Texas. For example, on information and belief, AT&T provides the U-verse service to customers in Allen, Frisco, Lebanon, The Colony, and Plano. AT&T provides infringing products and services to customers in these cities and communities.

## FIRST CLAIM FOR RELIEF FOR PATENT INFRINGEMENT

**(U.S. Patent No. 6,233,389)**

14. Plaintiff incorporates by reference paragraphs 1 through 13 as if set forth here in full.

15. Plaintiff is the owner of the entire right, title and interest in and to U.S. Patent No. 6,233,389 ("the '389 patent"), entitled "Multimedia time warping system," which was duly issued on May 15, 2001. A copy of the '389 patent is attached as Exhibit A hereto.

16. On information and belief, Defendants have infringed and are currently infringing the '389 patent, in violation of 35 U.S.C. § 271, by, among other things, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '389 patent including without limitation AT&T's U-verse product and/or service.

17. On information and belief, Defendants induced and are actively inducing the infringement of the '389 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '389 patent including without limitation AT&T's U-verse product and/or service.

18. On information and belief, Defendants have contributorily infringed and are currently contributorily infringing the '389 patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products which constitute a material part of the '389 patent, knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '389 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

19. On information and belief, Defendants have infringed and are currently infringing the '389 patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing

to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '389 patent including without limitation AT&T's U-verse product and/or service.

20.    On information and belief, Defendants' infringement of the '389 patent has been and continues to be willful and deliberate.

21.    Unless enjoined, Defendants will continue to infringe the '389 patent, and Plaintiff will suffer irreparable injury as a direct and proximate result of Defendants' conduct.

22.    Plaintiff has been damaged by Defendants' conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF FOR PATENT INFRINGEMENT
### (U.S. Patent No. 7,493,015)

23.    Plaintiff incorporates by reference paragraphs 1 through 13 as if set forth here in full.

24.    Plaintiff is the owner of the entire right, title and interest in and to U.S. Patent No. 7,493,015 ("the '015 patent"), entitled "Automatic playback overshoot correction system," which was duly issued on February 17, 2009. A copy of the '015 patent is attached as Exhibit B hereto.

25.    On information and belief, Defendants have infringed and are currently infringing the '015 patent, in violation of 35 U.S.C. § 271, by, among other things, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '015 patent including without limitation AT&T's U-verse product and/or service.

26.    On information and belief, Defendants induced and are actively inducing the infringement of the '015 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere in the United States, without license or

authority, products and/or processes falling within the scope of one or more claims of the '015 patent including without limitation AT&T's U-verse product and/or service.

27. On information and belief, Defendants have contributorily infringed and are currently contributorily infringing the '015 patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products which constitute a material part of the '015 patent, knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '015 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

28. On information and belief, Defendants have infringed and are currently infringing the '015 patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '015 patent including without limitation AT&T's U-verse product and/or service.

29. On information and belief, Defendants' infringement of the '015 patent has been and continues to be willful and deliberate.

30. Unless enjoined, Defendants will continue to infringe the '015 patent, and Plaintiff will suffer irreparable injury as a direct and proximate result of Defendants' conduct.

31. Plaintiff has been damaged by Defendants' conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

### THIRD CLAIM FOR RELIEF FOR PATENT INFRINGEMENT
### (U.S. Patent No. 7,529,465)

32. Plaintiff incorporates by reference paragraphs 1 through 13 as if set forth here in full.

33. Plaintiff is the owner of the entire right, title and interest in and to U.S. Patent No. 7,529,465 ("the '465 patent"), entitled "System for time shifting multimedia content streams,"

which was duly issued on May 5, 2009. A copy of the '465 patent is attached as Exhibit C hereto.

34. On information and belief, Defendants have infringed and are currently infringing the '465 patent, in violation of 35 U.S.C. § 271, by, among other things, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '465 patent including without limitation AT&T's U-verse product and/or service.

35. On information and belief, Defendants induced and are actively inducing the infringement of the '465 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '465 patent including without limitation AT&T's U-verse product and/or service.

36. On information and belief, Defendants have contributorily infringed and are currently contributorily infringing the '465 patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products which constitute a material part of the '465 patent, knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '465 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

37. On information and belief, Defendants have infringed and are currently infringing the '465 patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '465 patent including without limitation AT&T's U-verse product and/or service.

38.     On information and belief, Defendants' infringement of the '465 patent has been and continues to be willful and deliberate.

39.     Unless enjoined, Defendants will continue to infringe the '465 patent, and Plaintiff will suffer irreparable injury as a direct and proximate result of Defendants' conduct.

40.     Plaintiff has been damaged by Defendants' conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.      That U.S. Patent Nos. 6,233,389; 7,493,015; and 7,529,465 (collectively, the "Patents-In-Suit") are valid and enforceable;

B.      That Defendants have directly infringed the Patents-In-Suit;

C.      That Defendants have induced the infringement of the Patents-In-Suit;

D.      That Defendants have contributorily infringed the Patents-In-Suit;

E.      That Defendants and any of their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, be enjoined from infringing, inducing others to infringe or contributing to the infringement of the Patents-In-Suit;

F.      That Defendants and any of their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, deliver to Plaintiff all products that infringe the Patents-In-Suit for destruction at Plaintiff's option;

G.      That Defendants be ordered to pay compensatory damages to Plaintiff, together with interest;

H.      That Defendants be ordered to provide an accounting;

I. That Defendants be ordered to pay supplemental damages to Plaintiff, including without limitation interest;

J. That the infringement by Defendants be adjudged willful and that the damages be increased under 35 U.S.C. § 284 to three times the amount found or measured;

K. That this be adjudged an exceptional case and that Plaintiff be awarded their attorneys' fees, costs, and expenses in this action; and

L. That Plaintiff be awarded such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues.

Dated: June 23, 2010                     Respectfully submitted,


By:   /s/ Jay Chung


PARKER, BUNT & AINSWORTH, P.C.
Robert M. Parker
State Bar No. 15498000
rmparker@pbatyler.com
Robert Christopher Bunt
Sate Bar No. 00787165
rcbunt@pbatyler.com
Charles Ainsworth
State Bar No. 00783521
charley@pbatyle.com
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone:    (903) 531-3535
Facsimile:    (903) 533-9687

IRELL & MANELLA LLP
Morgan Chu
Andrei Iancu
Perry Goldberg
Ellisen Turner
Jay Chung

1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:    (310) 277-1010
Facsimile:     (310) 203-7199
Attorneys for Plaintiff TiVo Inc.

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing document was served on counsel of record by electronic filing and electronic service this June 23, 2010.

                      /s/  Jay Chung