IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC., | § | |
| Plaintiff | § § § | |
| v. | § § | Case No.  2:09-CV—0259-TJW |
| AT&T INC., | § § | Jury Trial Demanded |
| Defendant, | § § | |
| and | § § | |
| MICROSOFT CORPORATION, | § § | |
| Intervenor. | § § | |

**MICROSOFT CORPORATION'S AMENDED COMPLAINT IN INTERVENTION**

For its Amended Complaint in Intervention against Plaintiff TiVo Inc. ("TiVo" or "Plaintiff"), Intervenor Microsoft Corporation ("Microsoft"), on personal knowledge of its own acts and upon information and belief as to the acts of others, states as follows:

**PARTIES**

1. Microsoft is a corporation organized under the laws of the State of Washington, with its principal place of business at One Microsoft Way, Redmond, Washington 98052.

2. TiVo claims to be a corporation organized under the laws of the State of Delaware, with a principal place of business in Alviso, California.

**JURISDICTION AND VENUE**

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and declaratory judgment jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202.

4. The Court has personal jurisdiction over TiVo, which submitted to the jurisdiction of this Court by filing the underlying lawsuit (Civil Action No. 2:09-cv-259-TJW) ("the Existing Lawsuit").

5. TiVo has consented to venue in this Court by filing the Existing Lawsuit. Accordingly, the requirements of 28 U.S.C. §§ 1391 and 1400 are satisfied.

## FACTUAL BACKGROUND

6. Microsoft's Complaint arises out of Plaintiff's attempts to enforce United States Patent Nos. 6,233,389 ("the '389 patent"), 7,493,015 ("the '015 patent"), and 7,529,465 ("the '465 patent") (collectively, "the Asserted Patents") in the Existing Lawsuit against AT&T Inc., AT&T Operations, Inc., AT&T Services, Inc., AT&T Video Services, Inc., SBC Internet Services, Inc. and Southwestern Bell Telephone Company (the "AT&T Defendants").

7. In the Existing Lawsuit, Plaintiff alleges that it "is the owner of the entire right, title and interest in" the Asserted Patents. [Dkt. 1, Compl. ¶¶ 15, 24, 33]

8. In the Existing Lawsuit, Plaintiff further alleges that the AT&T Defendants have infringed the asserted Patents "by, among other things, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims" of each of the Asserted Patents "including without limitation AT&T's U-verse product and/or service." [Compl., ¶¶ 16, 25, 34] Plaintiff also accuses the AT&T Defendants of infringing the Asserted Patents by inducement [Id., ¶¶ 17, 26, 35], contributorily [Id., ¶¶ 18, 27, 36], and by supplying components. [Id., ¶¶ 19, 28, 37]. Plaintiff alleges that the AT&T Defendants' conduct with regard to the Asserted Patents is "willful and deliberate." [Id., ¶¶ 20, 29, 38]

9. U-verse is a subscription television service provided by certain subsidiaries of AT&T Inc. As part of the television subscription, a U-verse subscriber is provided with a set-top box with certain digital video recording and playback functionality. The set-top boxes run Microsoft software known as Mediaroom. Plaintiff's accusations of infringement by the AT&T Defendants therefore implicate Microsoft software and technology.

10. Upon information and belief, Plaintiff takes the position that the use and distribution of Mediaroom software in U-verse set-top boxes infringes one or more claims of each of the Asserted Patents.

11. An actual and justiciable controversy exists between Microsoft and Plaintiff as to whether: (i) the AT&T Defendants have infringed any claim of the Asserted Patents, directly or indirectly, in connection with Mediaroom; and (ii) the AT&T Defendants are not liable for alleged infringement of any asserted claim of any of the Asserted Patents because each such claim is invalid.

## COUNT 1

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 6,233,389)**

12. Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 11.

13. The AT&T Defendants do not infringe any claim of the '389 patent, either directly or indirectly (*e.g.,* by inducing or contributing to infringement) through the development, advertising, use, licensing, distribution, supplying, sale, offering to sell, or importation of U-verse set-top boxes that incorporate Mediaroom software.

14. The AT&T Defendants are not liable for alleged infringement of the '389 patent because the U-verse subscribers do not infringe any claim of the '389 patent through the use of U-verse set-top boxes that incorporate Mediaroom software for the intended purposes of such boxes, including in connection with recording and playing back programming.

15. A judicial declaration that the AT&T Defendants do not infringe, and are not liable for alleged infringement of, any claim of the '389 patent as stated in paragraphs 13 and 14 is necessary and appropriate at this time to enable Microsoft and the AT&T Defendants to ascertain their rights and duties with respect to designing, developing, making, licensing, distributing and using Mediaroom software in U-verse set-top boxes. Absent such a declaration, Plaintiff will continue to assert the '389 patent against U-verse set-top boxes that incorporate

Mediaroom software, and thereby cause Microsoft irreparable injury and damage. Microsoft has no other adequate remedy at law.

16. This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

## COUNT II

**(Declaratory Judgment of Invalidity of U.S. Patent No. 6,233,389)**

17. Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 16.

18. Each claim of the '389 patent asserted by Plaintiff against the AT&T Defendants is invalid for failing to meet one or more of the requirements for patentability, including, without limitation, the requirements set forth in 35 U.S.C. §§ 101, 102, 103 and 112.

19. A judicial declaration that each asserted claim of the '389 patent is invalid is necessary and appropriate at this time so that Microsoft and the AT&T Defendants can ascertain their rights and duties with respect to designing, developing, making, licensing, distributing and using Mediaroom software in U-verse set-top boxes. Absent such a declaration, Plaintiff will continue to assert the '389 patent against U-verse set-top boxes that contain Mediaroom software and thereby cause Microsoft irreparable injury and damage. Microsoft has no other adequate remedy at law.

20. This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

## COUNT III

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 7,493,015)**

21. Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 20.

22. The AT&T Defendants do not infringe any claim of the '015 patent, either directly or indirectly (*e.g.,* by inducing or contributing to infringement) through the development,

advertising, use, licensing, distribution, supplying, sale, offer to sell, or importation of U-verse set-top boxes that incorporate Mediaroom software.

23. The AT&T Defendants are not liable for alleged infringement of the '015 patent because the U-verse subscribers do not infringe any claim of the '015 patent through the use of U-verse set-top boxes that incorporate Mediaroom software for the intended purposes of such boxes, including in connection with recording and playing back programming.

24. A judicial declaration that the AT&T Defendants do not infringe, and are not liable for alleged infringement of, any claim of the '015 patent as stated in paragraphs 22 and 23 is necessary and appropriate at this time to enable Microsoft and the AT&T Defendants to ascertain their rights and duties with respect to designing, developing, making, licensing, distributing and using Mediaroom software in U-verse set-top boxes. Absent such a declaration, Plaintiff will continue to assert the '015 patent against U-verse set-top boxes that incorporate Mediaroom software, and thereby cause Microsoft irreparable injury and damage. Microsoft has no other adequate remedy at law.

25. This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

## COUNT IV

**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,493,015)**

26. Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 25.

27. Each claim of the '015 patent asserted by Plaintiff against the AT&T Defendants is invalid for failing to meet one or more of the requirements for patentability, including, without limitation, the requirements set forth in 35 U.S.C. §§ 101, 102, 103 and 112.

28. A judicial declaration that each asserted claim of the '015 patent is invalid is necessary and appropriate at this time so that Microsoft and the AT&T Defendants can ascertain their rights and duties with respect to designing, developing, making, licensing, distributing and using Mediaroom software in U-verse set-top boxes. Absent such a declaration, Plaintiff will

continue to assert the '015 patent against U-verse set-top boxes that incorporate Mediaroom software, and thereby cause Microsoft irreparable injury and damage. Microsoft has no other remedy at law.

29. This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

## COUNT V

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 7,529,465)**

30. Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 29.

31. The AT&T Defendants do not infringe any claim of the '465 patent, either directly or indirectly (*e.g.,* by inducing or contributing to infringement) through the development, advertising, use, licensing, distribution, supplying, sale, offer to sell, or importation of U-verse set-top boxes that incorporate Mediaroom software.

32. The AT&T Defendants are not liable for alleged infringement of the '465 patent because the U-verse subscribers do not infringe any claim of the '465 patent through the use of U-verse set-top boxes that incorporate Mediaroom software for the intended purposes of such boxes, including in connection with recording and playing back programming.

33. A judicial declaration that the AT&T Defendants do not infringe, and are not liable for alleged infringement of, any claim of the '465 patent as stated in paragraphs 31 and 32 is necessary and appropriate at this time to enable Microsoft and the AT&T Defendants to ascertain their rights and duties with respect to designing, developing, making, licensing, distributing and using U-verse set-top boxes that incorporate Mediaroom software. Absent such a declaration, Plaintiff will continue to assert the '465 patent against U-verse set-top boxes that incorporate Mediaroom software, and thereby cause Microsoft irreparable injury and damage. Microsoft has no other adequate remedy at law.

34. This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

## COUNT VI

**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,529,465)**

35. Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 34.

36. Each claim of the '465 patent asserted by Plaintiff against the AT&T Defendants is invalid for failing to meet one or more of the requirements for patentability, including, without limitation, the requirements set forth in 35 U.S.C. §§ 101, 102, 103 and 112.

37. A judicial declaration that each asserted claim of the '465 patent is invalid is necessary and appropriate at this time so that Microsoft and the AT&T Defendants can ascertain their rights and duties with respect to designing, developing, making, licensing, distributing and using Mediaroom software in U-verse set-top boxes. Absent such a declaration, Plaintiff will continue to assert the '465 patent against Microsoft and/or Microsoft's customers, and thereby cause Microsoft irreparable injury and damage. Microsoft has no other remedy at law.

38. This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

## REQUESTED RELIEF

Wherefore, Microsoft requests Judgment against Plaintiff:

    a. declaring that when the subsidiaries of AT&T Inc. test, load, use, license and distribute Mediaroom software for its intended purpose, to run U-verse set-top boxes, the subsidiaries do not infringe the asserted claims of the '389 patent, directly or indirectly;

    b. declaring that the AT&T Defendants are not liable for alleged infringement of the '389 patent because, when subscribers use U-verse set-top boxes that incorporate Mediaroom software for the intended purposes of such boxes, including to record and play-back

    programming, the subscribers do not infringe the asserted claims of the '389 patent;

c.  declaring that the asserted claims of the '389 patent are invalid;

d.  declaring that when the subsidiaries of AT&T Inc. test, load, use, license and distribute Mediaroom software for its intended purpose, to run U-verse set-top boxes, the subsidiaries do not infringe the asserted claims of the '015 patent, directly or indirectly;

e.  declaring that the AT&T Defendants are not liable for alleged infringement of the '015 patent because, when subscribers use U-verse set-top boxes that incorporate Mediaroom software for the intended purposes of such boxes, including to record and play-back programming, the subscribers do not infringe the asserted claims of the '015 patent;

f.  declaring that the asserted claims of the '015 patent are invalid;

g.  declaring that when the subsidiaries of AT&T Inc. test, load, use, license and distribute Mediaroom software for its intended purpose, to run U-verse set-top boxes, the subsidiaries do not infringe the asserted claims of the '465 patent, directly or indirectly;

h.  declaring that the AT&T Defendants are not liable for alleged infringement of the '465 patent because, when subscribers use U-verse set-top boxes that incorporate Mediaroom software for the intended purposes of such boxes, including to record and play-back programming, the subscribers do not infringe the asserted claims of the '465 patent;

i.  declaring that the asserted claims of the '465 patent are invalid;

      j.      adjudging this case "exceptional" within the meaning of 35 U.S.C. § 285, entitling Microsoft to an award of its reasonable attorneys' fees, expenses and costs; and

      k.      granting such other and further equitable or legal relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Microsoft hereby demands trial by jury on all issues so triable.

Dated: October 4, 2010

Respectfully submitted,

GILLAM & SMITH, LLP

By: ___/s/ Harry L. Gillam, Jr._____
Harry L. Gillam
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

Chad S. Campbell
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
CSCampbell@perkinscoie.com
Telephone: 602.351.8000
Facsimile: 602.648.7000

Lauren Sliger
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, California 90067-1721
LSliger@perkinscoie.com
Telephone: 602.351.8000
Facsimile: 602.648.7000

Christopher Kao
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
CKao@perkinscoie.com
Telephone: (650) 838-4300
Facsimile: (650) 838-4350

*Attorneys for Intervenor Microsoft Corporation*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on October 4, 2010 the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).

      */s/Harry L. Gillam, Jr.*
      Harry L. Gillam, Jr.