IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC., | § | |
| | § | |
| Plaintiff; | § | Case No.  2:09-CV-259 |
| | § | |
| vs. | § | |
| | § | |
| AT&T INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |
| and | § | |
| | § | |
| MICROSOFT CORPORATION | § | |
| | § | |
| Invervenor. | § | |

**AT&T INC.'S AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

Defendant AT&T Inc. hereby files this Amended Answer to the First Amended

Complaint for Patent Infringement and Jury Demand ("Complaint") filed by Plaintiff TiVo Inc.

AT&T Inc. states as follows:

**ANSWER**

1.      AT&T Inc. admits that TiVo Inc.'s present action purports to arise under

the patent laws of the United States under 35 U.S.C. §§ 1, et seq.  AT&T Inc. admits that this

Court has subject matter jurisdiction over such actions pursuant to 28 U.S.C. §§ 1331 and

1338(a).

2.      AT&T Inc. denies the allegations of Paragraph 2 of the Complaint as they

relate to AT&T Inc.  AT&T Inc. is without sufficient knowledge to admit or deny the allegations

of Paragraph 2 of the Complaint as they relate to the other defendants.

3.      AT&T Inc. denies the allegations of Paragraph 3 of the Complaint as they relate to AT&T Inc.  AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 3 of the Complaint as they relate to the other defendants.

4.      AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 4 of the Complaint.

5.      AT&T Inc. admits that it is a Delaware corporation with a principal place of business in Dallas, Texas.

6.      AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 6 of the Complaint.

7.      AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 7 of the Complaint.

8.      AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 8 of the Complaint.

9.      AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 9 of the Complaint.

10.      AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 10 of the Complaint.

11.      AT&T Inc. denies the allegations of Paragraph 11 of the Complaint as they relate to AT&T Inc.  AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 11 of the Complaint as they relate to the other defendants.

12.      AT&T Inc. admits that it was a party to the case of *Two-Way Media LLC v. AT&T Inc., et al.*, Case No. 5:09-cv-00476-OLG, and AT&T Inc. admits that a stipulated order issued on December 18, 2009 containing the reproduced sections.  AT&T Inc. states that this

same order also dismissed AT&T Inc. as a party.  AT&T Inc. is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 12 of the Complaint.

13.     AT&T Inc. denies the allegations of Paragraph 13 of the Complaint as they relate to AT&T Inc.  AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 13 of the Complaint as they relate to the other defendants.

14.     AT&T Inc. incorporates by reference its responses to Paragraphs 1-13 of the Complaint.

15.     AT&T Inc. admits that the face of U.S. Patent No. 6,233,389 ("the '389 patent") indicates that the '389 patent issued on May 15, 2001 and has the title "Multimedia Time Warping System."  AT&T Inc. also admits that a copy of the patent was attached to the Complaint as Exhibit A.  AT&T Inc. denies that the '389 patent was duly and legally issued. AT&T Inc. is without sufficient knowledge or information either to admit or deny the remainder of the allegations of Paragraph 15 of the Complaint.

16.     AT&T Inc. denies the allegations of Paragraph 16 of the Complaint as they relate to AT&T Inc.  AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 16 of the Complaint as they relate to the other defendants.

17.     AT&T Inc. denies the allegations of Paragraph 17 of the Complaint as they relate to AT&T Inc.  AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 17 of the Complaint as they relate to the other defendants.

18.     AT&T Inc. denies the allegations of Paragraph 18 of the Complaint as they relate to AT&T Inc.  AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 18 of the Complaint as they relate to the other defendants.

19.     AT&T Inc. denies the allegations of Paragraph 19 of the Complaint as they relate to AT&T Inc.   AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 19 of the Complaint as they relate to the other defendants.

20.     AT&T Inc. denies the allegations of Paragraph 20 of the Complaint as they relate to AT&T Inc.   AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 20 of the Complaint as they relate to the other defendants.

21.     AT&T Inc. denies the allegations of Paragraph 21 of the Complaint as they relate to AT&T Inc.   AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 21 of the Complaint as they relate to the other defendants.

22.     AT&T Inc. denies the allegations of Paragraph 22 of the Complaint as they relate to AT&T Inc.   AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 22 of the Complaint as they relate to the other defendants.

23.     AT&T Inc. incorporates by reference its responses to Paragraphs 1-13 of the Complaint.

24.     AT&T Inc. admits that the face of U.S. Patent No. 7,493,015 ("the '015 patent") indicates that the '015 patent issued on February 17, 2009 and has the title "Automatic Playback Overshoot Correction System."   AT&T Inc. also admits that a copy of the patent was attached to the Complaint as Exhibit B.   AT&T Inc. denies that the '015 patent was duly and legally issued.   AT&T Inc. is without sufficient knowledge or information either to admit or deny the remainder of the allegations of Paragraph 24 of the Complaint.

25.     AT&T Inc. denies the allegations of Paragraph 25 of the Complaint as they relate to AT&T Inc.   AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 25 of the Complaint as they relate to the other defendants.

26.     AT&T Inc. denies the allegations of Paragraph 26 of the Complaint as they relate to AT&T Inc.   AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 26 of the Complaint as they relate to the other defendants.

27.     AT&T Inc. denies the allegations of Paragraph 27 of the Complaint as they relate to AT&T Inc.   AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 27 of the Complaint as they relate to the other defendants.

28.     AT&T Inc. denies the allegations of Paragraph 28 of the Complaint as they relate to AT&T Inc.   AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 28 of the Complaint as they relate to the other defendants.

29.     AT&T Inc. denies the allegations of Paragraph 29 of the Complaint as they relate to AT&T Inc.   AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 29 of the Complaint as they relate to the other defendants.

30.     AT&T Inc. denies the allegations of Paragraph 30 of the Complaint as they relate to AT&T Inc.   AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 30 of the Complaint as they relate to the other defendants.

31.     AT&T Inc. denies the allegations of Paragraph 31 of the Complaint as they relate to AT&T Inc.   AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 31 of the Complaint as they relate to the other defendants.

32.     AT&T Inc. incorporates by reference its responses to Paragraphs 1-13 of the Complaint.

33.     AT&T Inc. admits that the face of U.S. Patent No. 7,529,465 ("the '465 patent") indicates that the '465 patent issued on May 5, 2009 and has the title "System for Time Shifting Multimedia Content Streams."   AT&T Inc. also admits that a copy of the patent was

attached to the Complaint as Exhibit C.  AT&T Inc. denies that the '465 patent was duly and legally issued.  AT&T Inc. is without sufficient knowledge or information either to admit or deny the remainder of the allegations of Paragraph 33 of the Complaint.

34.    AT&T Inc. denies the allegations of Paragraph 34 of the Complaint as they relate to AT&T Inc.  AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 34 of the Complaint as they relate to the other defendants.

35.    AT&T Inc. denies the allegations of Paragraph 35 of the Complaint as they relate to AT&T Inc.  AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 35 of the Complaint as they relate to the other defendants.

36.    AT&T Inc. denies the allegations of Paragraph 36 of the Complaint as they relate to AT&T Inc.  AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 36 of the Complaint as they relate to the other defendants.

37.    AT&T Inc. denies the allegations of Paragraph 37 of the Complaint as they relate to AT&T Inc.  AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 37 of the Complaint as they relate to the other defendants.

38.    AT&T Inc. denies the allegations of Paragraph 38 of the Complaint as they relate to AT&T Inc.  AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 38 of the Complaint as they relate to the other defendants.

39.    AT&T Inc. denies the allegations of Paragraph 39 of the Complaint as they relate to AT&T Inc.  AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 39 of the Complaint as they relate to the other defendants.

40.     AT&T Inc. denies the allegations of Paragraph 40 of the Complaint as they relate to AT&T Inc.   AT&T Inc. is without sufficient knowledge to admit or deny the allegations of Paragraph 40 of the Complaint as they relate to the other defendants.

41.     With respect to the Demand for Jury Trial, AT&T Inc. admits that TiVo Inc. demands a trial by jury on all issues.   AT&T Inc. denies any and all allegations in the remainder of the Complaint as they relate to AT&T Inc., including any allegations in the Prayer for Relief (Paragraphs A-L).   AT&T Inc. denies that TiVo Inc. is entitled to any relief in any form whatsoever from AT&T Inc. and specifically denies that TiVo Inc. is entitled to any of the relief requested in the Prayer for Relief (Paragraphs A-L) of the Complaint.   AT&T Inc. further denies each and every allegation in the Complaint as they relate to AT&T Inc. to which it has not specifically responded.   AT&T Inc. is without sufficient knowledge to admit or deny any allegations in the Complaint as they relate to the other defendants.

42.     AT&T Inc. hereby demands a trial by jury on any issue so triable.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

43.     Venue in this District and Division is improper under either 28 U.S.C. § 1400(b) or 28 U.S.C. § 1391(b).   AT&T Inc. is a Delaware corporation with its principal place of business in Dallas, Texas.   AT&T Inc. does not make, use, sell, offer to sell, or import any product or service in any state or jurisdiction, nor does it manufacture any product or provide any service in this District.   AT&T Inc. is a holding company that has no employees, sales representatives, or distributors.

SECOND DEFENSE

44.     TiVo Inc. has failed to state a claim upon which relief can be granted.

THIRD DEFENSE

45.     AT&T Inc. has not directly or indirectly infringed, either literally or under the doctrine of equivalents, either individually or collectively, any claim of the '389, '015, or '465 patents.

FOURTH DEFENSE

46.     One or more claims of the '389, '015, and '465 patents is invalid, *inter alia¸* as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103.

FIFTH DEFENSE

47.     One or more claims of the '389, '015, or '465 patents is invalid, *inter alia*, because the specification does not comply with 335 U.S.C. § 112, first paragraph, and because the claims do not comply with 35 U.S.C. § 112, second paragraph.

SIXTH DEFENSE

48.     On information and belief, TiVo Inc.'s claims are barred by the doctrine of prosecution history estoppel.

SEVENTH DEFENSE

49.     On information and belief, TiVo Inc.'s claims for injunctive relief are barred because TiVo Inc. has an adequate remedy at law.

EIGHTH DEFENSE

50.      On information and belief, at least a portion of TiVo Inc.'s remedies under the '389 patent have been exhausted.

## COUNTERCLAIMS

51.     Counter-Plaintiff AT&T Inc. is a Delaware corporation with its principal place of business at 208 S. Akard St., Dallas, Texas.

52.     Based on information and belief, TiVo Inc. is a Delaware corporation with its principal place of business in Alviso, California.

53.     TiVo Inc. claims to be the owner by assignment of U.S. Patent No. 6,233,389 ("the '389 patent"), U.S. Patent No. 7,493,015 ("the '015 patent"), and U.S. Patent No. 7,529,465 ("the '465 patent") (collectively, "the Asserted Patents").

54.     This is an action for a declaration that each and every claim of the Asserted Patents is invalid, unenforceable and not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.*  Accordingly, subject matter jurisdiction of this Court exists under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

55.     An actual, substantial and continuing justiciable controversy exists between Counter-Plaintiff and Counter-Defendant TiVo with respect to which Counter-Plaintiff requires a declaration of its rights by this Court.  Specifically, the controversy relates to the invalidity, unenforceability, and non-infringement of the Asserted Patents and to Counter-Defendant TiVo's right to threaten and/or maintain a suit against Counter-Plaintiff for alleged infringement of the Asserted Patents.  TiVo has chosen this venue to enforce its patents.  Venue is proper in this Court and judicial district for counterclaims, pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FIRST COUNTERCLAIM

56.     Counter-Plaintiff AT&T Inc. realleges and incorporates by reference the allegations of paragraphs 51-55 as though fully set forth herein.

57.     This is an action for declaratory judgment of non-infringement of any and all valid and enforceable claims of the '389 patent.

58.     Counter-Defendant TiVo alleges that Counter-Plaintiff AT&T Inc. has and is infringing directly and/or by inducing or contributing to the infringement of one or more claims of the '389 Patent, that such alleged infringement has thereby damaged Counter-Defendant TiVo and, unless enjoined, will continue to damage Counter-Defendant TiVo.

59.     Counter-Plaintiff AT&T Inc. has not infringed, contributed to the infringement of, or induced others to infringe, and does not infringe, contribute to the infringement of, or induce others to infringe, any valid and enforceable claim of the '389 patent, either directly or indirectly, either literally or under the doctrine of equivalents.

60.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff AT&T Inc. and Counter-Defendant TiVo as to whether Counter-Plaintiff AT&T Inc. has infringed or infringes any valid and enforceable claim of the '389 patent.

61.     Counter-Plaintiff AT&T Inc. requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 55-59 above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

SECOND COUNTERCLAIM

62.     Counter-Plaintiff AT&T Inc. realleges and incorporates by reference the allegations of paragraphs 51-61 as though fully set forth herein.

63.     This is an action for declaratory judgment of invalidity of any and all claims of the '389 patent.

64.     The '389 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

65.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff AT&T Inc. and Counter-Defendant TiVo as to whether there exists any valid claim of the '389 patent.

66.     Counter-Plaintiff AT&T Inc. requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 61-64 above.  Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties in this regard.

THIRD COUNTERCLAIM

67.     Counter-Plaintiff AT&T Inc. realleges and incorporates by reference the allegations of paragraphs 51-66 as though fully set forth herein.

68.     This is an action for declaratory judgment of non-infringement of any and all valid and enforceable claims of the '015 patent.

69.     Counter-Defendant TiVo alleges that Counter-Plaintiff AT&T Inc. has and is infringing directly and/or by inducing or contributing to the infringement of one or more claims of the '015 Patent, that such alleged infringement has thereby damaged Counter-Defendant TiVo and, unless enjoined, will continue to damage Counter-Defendant TiVo.

70.     Counter-Plaintiff AT&T Inc. has not infringed, contributed to the infringement of, or induced others to infringe, and does not infringe, contribute to the

infringement of, or induce others to infringe, any valid and enforceable claim of the '015 patent, either directly or indirectly, either literally or under the doctrine of equivalents.

71.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff AT&T Inc. and Counter-Defendant TiVo as to whether Counter-Plaintiff AT&T Inc. has infringed or infringes any valid and enforceable claim of the '015 patent.

72.     Counter-Plaintiff AT&T Inc. requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 66-70 above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

FOURTH COUNTERCLAIM

73.     Counter-Plaintiff AT&T Inc. realleges and incorporates by reference the allegations of paragraphs 51-72 as though fully set forth herein.

74.     This is an action for declaratory judgment of invalidity of any and all claims of the '015 patent.

75.     The '015 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

76.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff AT&T Inc. and Counter-Defendant TiVo as to whether there exists any valid claim of the '015 patent.

77.     Counter-Plaintiff AT&T Inc. requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs

72-75 above. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties in this regard.

FIFTH COUNTERCLAIM

78.     Counter-Plaintiff AT&T Inc. realleges and incorporates by reference the allegations of paragraphs 51-77 as though fully set forth herein.

79.     This is an action for declaratory judgment of non-infringement of any and all valid and enforceable claims of the '465 patent.

80.     Counter-Defendant TiVo alleges that Counter-Plaintiff AT&T Inc. has and is infringing directly and/or by inducing or contributing to the infringement of one or more claims of the '465 Patent, that such alleged infringement has thereby damaged Counter-Defendant TiVo and, unless enjoined, will continue to damage Counter-Defendant TiVo.

81.     Counter-Plaintiff AT&T Inc. has not infringed, contributed to the infringement of, or induced others to infringe, and does not infringe, contribute to the infringement of, or induce others to infringe, any valid and enforceable claim of the '465 patent, either directly or indirectly, either literally or under the doctrine of equivalents.

82.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff AT&T Inc. and Counter-Defendant TiVo as to whether Counter-Plaintiff AT&T Inc. has infringed or infringes any valid and enforceable claim of the '465 patent.

83.     Counter-Plaintiff AT&T Inc. requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 77-81 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

13

SIXTH COUNTERCLAIM

84.     Counter-Plaintiff AT&T Inc. realleges and incorporates by reference the allegations of paragraphs 51-83 as though fully set forth herein.

85.     This is an action for declaratory judgment of invalidity of any and all claims of the '465 patent.

86.     The '465 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

87.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff AT&T Inc. and Counter-Defendant TiVo as to whether there exists any valid claim of the '465 patent.

88.     Counter-Plaintiff AT&T Inc. requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 83-86 above.  Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties in this regard.

Dated:  October 15, 2010                    Respectfully submitted,

By:  */s/ Bryant C. Boren, Jr.*
        BAKER BOTTS L.L.P.
        Bryant C. Boren, Jr.
        Lead Attorney
        State of Texas Bar No. 02664100
        Kevin E. Cadwell
        State of Texas Bar No. 24036304
        620 Hansen Way
        Palo Alto, CA 94304
        Telephone:  650.739.7500
        Facsimile:  650.739.7699
        bryant.c.boren@bakerbotts.com
        kevin.cadwell@bakerbotts.com

        BAKER BOTTS L.L.P.
        Roger Fulghum
        State of Texas Bar No. 00790724
        Lisa Kelly
        State of Texas Bar No. 24041659
        One Shell Plaza
        910 Louisiana
        Houston, Texas 77002
        Telephone:  713.229.1234
        Facsimile:  713.229.1522
        roger.fulghum@bakerbotts.com
        lisa.kelly@bakerbotts.com

        ATTORNEYS FOR DEFENDANT AT&T INC.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 15, 2010 all counsel of record were served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

By: */s/ Bryant C. Boren, Jr.*